FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA    DEC 2 0 2004

2004 DEC 20 NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NANCY M.
MAYER-WHITTINGTON
CLERK

CHRISTINE MILLS               *
3407 Keir Drive                 *
Suitland, MD 20746          *
                                     *

RUNAKO BALONDEMU       *
3206 Chillum Road #Apt. 30    *
Mt. Rainier, Maryland 20721    *
                                     *

AMY BARNES                 *
1708 Buchanan St. NE       *
Washington, DC 20017       *
                                     *

ARNICE COOK                *
2039 Gales St. NE            *
Washington, DC 20002       *
                                     *

ROBERT COOPER           *
101 Independence Ave.      *
Washington, DC 20540       *
                                     *

MICHAEL DURRAH II        *
1900 23rd St.SE #Apt. 81B     *
Washington, DC 20020       *
                                     *

GERADINE DUNCAN        *
705 St. Michael Dr.          *
Mitchellville, Maryland 20721   *
                                     *

SABRAE HILLIARD           *
6579 Pennsylvania Ave. #Apt 203 *
Forestville, Maryland 20747    *
                                     *

PRISCILLA IJEOMAH        *
4411 Ridgecrest Drive       *
Suitland, Maryland 20746     *
                                     *

LAWRENCE PERRY         *
8810 Charm Ct.             *
Brandywine, Maryland 20613   *
                                     *

WILLIAM ROWLAND        *
3705 South George Mason Drive *
1610 South                 *
Falls Church, Virginia 22041    *
                                     *

CLASS ACTION

JURY DEMAND

CASE NUMBER  1:04CV02205

JUDGE: Henry H. Kennedy

DECK TYPE: Employment Discrimination

DATE STAMP: 12/20/2004

JURY ACTION

1

MARK A. WILSON
8745 Contee Road #Apt. 3
Laurel, Maryland 20708                                    *
                                                          *
                                                          *
                                                          *
INDIVIDUALLY AND ON BEHALF OF                             *
ALL OTHER SIMILARLY SITUATED                              *
PERSONS                                                   *
                                                          *
                        Plaintiffs,                       *
        vs.                                               *
                                                          *
James H. Billington, Librarian                            *
LIBRARY OF CONGRESS                                       *
WASHINGTON, DC                                            *
                                                          *
                        Defendant.                        *

## CLASS ACTION C O M P L A I N T

I.    NATURE OF ACTION

        1.      Plaintiffs, minority employees who are or have been employed by or have

sought employment at the Library of Congress ("LOC") from approximately January 1st, 2003

to the present  bring this action, on their own behalf, and on behalf of all other similarly situated

minority employees and minority job applicants to address a pattern and practice of

discrimination on the basis of color, national origin, and/or race by the Library of Congress in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e and the Civil

Rights Act of 1991,42 U.S.C § 1981a.   Plaintiffs allege that the Library of Congress' personnel

policies, practices, and procedures discriminate against minority employees and applicants on

the basis of race, national origin and/or color in the following areas: selections for competitive

positions and promotions, transfers, assignments and other career enhancing opportunities;

preferred assignments; discipline; awards and bonuses; training; harassment and hostile work

environment based on race, national origin, or color; systemic  retaliation, and other terms and

conditions of employment.  On the basis of these violations, plaintiffs seek equitable relief

including, but not limited to, back pay, front pay, other lost compensation, compensatory

damages, a declaratory judgment, and an injunction requiring the Library of Congress to cease

2

and desist these illegal acts, and remedy the effects of its illegal cond

II.    JURISDICTION, EXHAUSTION OF ADMINISTRATIVE. REMEDIES

2.    Jurisdiction of this Court is based upon 42 U.S.C. ' § 2000e-5, 2000e-16, and 28 U.S.C. § 1331 (federal question) and 1343 (civil rights). Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) and 42 U.S.C. 2000e-5(f).

3.    Plaintiffs have exhausted administrative remedies. On or about May 28, 2004, Christine M. Mills initiated contact with the agency' s office of Equal Employment Opportunity ("EEO") and caused to be filed a class action complaint. **See** Attached Exhibit "A". The initial class complaint alleged discrimination in the recruitment of applicants, hiring initial job assignments, transfers, promotions, retention, training, awards and bonuses, and discipline. On approximately September 20, 2004, Plaintiff's received a "Right to Sue Letter". **See** Attached Exhibit "B".

4.    From at least early 2003 to the present, members of the class raised these issues with Library of Congress management from time to time, but no meaningful effort was made to address the discriminatory policies, practices and procedures.

5.    In fact, throughout this period, the Library of Congress management systematically retaliated against members of the class who brought claims or otherwise sought to address the problems of discrimination within the Library of Congress. This "system of retaliation" is more fully described in **Section V.**

6.    From at least January 2003, Defendant Library of Congress has been on notice that the personnel policies, practices, and procedures described herein were discriminatory and yet it failed to take action.

a.    From at least January 2003 forward, minority employees of the Library of Congress have complained about similar personnel policies, practices and procedures resulting in discrimination against minority employees and applicants in promotions, assignments, awards and bonuses, training,

3

disciplin— harassment and retaliation. Library of ⌣ gress management promised that it would address the discrimination hut failed to do so in any meaningful way.

b.     Despite knowledge of the above facts, Library of Congress officials did not act to eliminate the discriminatory policies, practices, and procedures at the Library of Congress as described herein.

### III.    PARTIES

7.     The named plaintiffs are all current or former minority employees of the Library of Congress or minority applicants for positions at the Library of Congress.  The named plaintiffs, as a group, have perfumed a wide variety of the jobs at the Library of Congress.  Many have received commendations for their work.  The named plaintiffs are as follows:

a     Plaintiff Christine Mills is a current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

b.     Plaintiff Runako Balondemu is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

c.     Plaintiff Amy Barnes is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

d.     Plaintiff Arnice Cook is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

e.     Plaintiff Robert Cooper is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

f.     Plaintiff Michael Durrah, II is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

g.     Plaintiff Geradine Duncan is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

i.        Plaintiff Sabrae Hilliard is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

j.        Plaintiff Priscilla Ijeomah is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

k.        Plaintiff Lawrence Perry is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

l.        Plaintiff William Rowland is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.

m.        Plaintiff Mark A. Wilson is a is a former or current Library of Congress employee and has worked for Defendant since at least January 1, 2003.


IV.    **CLASS ACTION ALLEGATIONS**

9.        Plaintiffs have filed this case as a class action pursuant to Fed. R. Civ. P. 23 (a), 23 (b) (2), and 23 (b)(3).

10.        This action is properly maintainable as a class action under Rule 23 (a) because: (a) the class includes hundreds of current and former minority employees of the Library of Congress and applicants  which makes the class so numerous that a consolidated complaint of the members of the class is impracticable; (b) the claims alleged on behalf of the class raise questions of law or fact common to the class; (c) the claims of the class representatives arc typical of the claims of the class; and (d) the class representatives and class counsel will adequately and fairly protect the interests of the class.

11.        This action is properly maintainable as a class action under Rules 23(b)(2)and 23 (b)(3) because: (1) the defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; (2) there are question's of law or fact common to members of the class that predominate over any questions affecting only individuals; and (3) a class action is superior to other

5

methods for the fair and efficie~ ~adjudication of the controversy.

12.    Plaintiffs request that the class be defined as the named plaintiffs and all current or former minority employees of the Library of Congress who worked for the Library of Congress from January 1, 2003 to the present and applicants to positions at the Library of Congress since January 1, 2003.

## V.    CLAIMS:  The Library of Congress (LOC) Has Created, Allowed and/or Maintained the Following Discriminatory Practices and Policies Which Directly and/or Indirectly Impact the Class in a Discriminatory Manner in Violation of Title VII

A.    Denial of Hiring and Promotion Opportunities

13.    LOC has denied minority employees (including African Americans, Hispanics, and Asians), equal opportunity for hiring and promotion by assigning them to the least desirable jobs and lines of progression wherein opportunities for training and advancement are limited, while assigning white/caucasian employees of less or equal experience to more desirable jobs and lines of progression wherein training and greater opportunity for advancement is provided.

B.    Discriminatory Recruiting Practices

14.    LOC has utilized jobs recruiting methods for supervisory, managerial, technical, and non-professional and professional positions which are designed to reach primarily white persons and thereby insure that minimal number of minority persons will be considered for those positions, including but not limited to the practice of limiting the area of consideration for promotion to such positions to persons already employees of particular divisions of the Library.  Further, LOC has recruited contract employees in an effort to avoid equal opportunity employment for minority employees and applicants, causing an adverse impact on the minority employees and applicants, by denying them opportunity to compete for positions while using funds provided by the U.S Government.

C.    Discriminatory Classification Systems

15.     LOC has utilize  classification systems known as non-p   essional and professional keeping minority employees concentrated in the lower graded positions while white employees are concentrated in the higher graded positions leaving minority employees with limited advancement opportunities.  LOC does not allow significant cross-application or movement between these classification series, thereby artificially limiting minority employee opportunities for advancement.

D.     Discriminatory Classifications (Work at Home)

16.     The dual classification systems are used with contractual agreement to prevent minority employees classified as non-professional from working at home, resulting in class discrimination caused by the Library's classification system resulting in race discrimination.

E.     Discriminatory Training Opportunities

17.     LOC has denied minority employees training details, and other experience building assignments which would enhance their ability to be promoted, while providing such opportunities to white persons.  Also known as "grooming,"  the practice of giving preferable training opportunities to white/Caucasian employees while denying the same opportunities to minority employees adversely affects the minority employees' opportunities for advancement.

F.     Discriminatory Job Criteria

18.     LOC has maintained and utilized arbitrary and/or irrelevant job criteria, including certain requirements of testing, education, training experience, and other jobs requirements and selection criteria which effectively exclude qualified minority employees from hiring, training, and promotion of opportunities.  These requirements are not job related, and do not add to the operations, and conduct of the Library's business.

G.     Segregated Work Force

19.   LOC has maintained a segregated work force placing minority employees in a promotion and training system based upon the subjective evaluation of white and Caucasian supervisors which locks minority employees into discriminatory assignments and denies them equal opportunity for promotion.

H.   Discriminatory Discipline

20.   LOC has disciplined minority employees, and subjected them to more harsh adverse actions than whites on a discriminatory basis by stringently applying rules and regulations to them while ignoring or waiving such rules and regulations with respect to white and Caucasian employees.

I.   Discriminatory Non-Competitive Actions

21.   LOC has allowed and taken non-competitive actions for white/Caucasian employees and applicants, such as non-competitive appointments, non-competitive details, non-competitive temporary promotions and non-competitive permanent promotions while denying minority employees and applicants the same opportunities.

J.   Discriminatory Promotions

22.   LOC maintains standards, selections, promotions, and assignments to give contract employees the advantage over minority employees and applicants, by circumventing the requirement of LCR 2010-3.1 and Title VII of the Civil Rights Act of 1964, as Amended, and all other Library of Congress Regulations pertaining to selection for positions in the Library of Congress.

K.   Retaliation and Hostile Work Environment

23.   LOC retaliates against minority employees, for filing charges of race, national origin

8

and color discrimination agains library officials and has created and m tained a hostile work environment for minority employees.

L.   Disproportionate Work Force

24.   LOC specifically maintains a work force that keeps minority employees in the lowest paying grades and positions in a greatly disproportionate number than are represented by whites in the lower grades and positions and not in numbers representative of equal employment opportunity.

M.   Discriminatory Contractual Practices

25.   LOC maintains devices, regulations, and systems using U.S. Government funds to allow no bid contracts, appointments, and selections for positions without competition, often restricts competition to very small units aiding in a process of pre-selection having an adverse impact on minority employees and applicants, by excluding them from training by placing whites in positions without competition in training status, while not allowing minority employees and applicants, the same opportunity for the same positions, and justifying the selection of whites, because of the training and experience gained.

N.   Privacy Issues

26.   LOC grants open access to private contract employees to the personnel files, records and data bases of the Federal Government employees violating the private rights and Civil Rights of the government employees, which adversely impact minority employees and applicants.

O.   Non-Responsiveness of Government Offices

27.   LOC has established offices giving the impression that they are for the purpose of providing service to minority employees and applicants, when in fact they exist as conspiracies with all management against the employees having an adverse impact on minority employees, who rely

on their service.  These offices include, but are no limited to, the Equal  ployment Opportunity

Complaint Office, the Employee Assistance Office, the Health Service Office, the Employee

Relations Office, the Dispute Resolution Office, The Office of Inspector General, the Office of

General Counsel, the Human Resources Department, the Office of the Librarian of Congress, and

the Labor Relations Office.

P.    Discriminatory Regulations

28.    LOC created and maintained a system of Library of Congress Regulations, and Labor

Union Contracts that are discriminatory, as applied, to minority employees and applicants.

Q.    Emotional Distress

29.    The Library of Congress has intentionally discriminated against minority employees

and applicants in their personnel policies, procedures and practices met forth above.  As a result, the

plaintiffs and the class they seek to represent have withered emotional distress, humiliation and

embarrassment.  Such emotional distress has been manifested in a variety of ways including, but not

limited to, psychological trauma, physical injury, and other symptoms to be proven at trial.

30.    As additional evidence of discrimination and information about potential victims of

discrimination is discovered, this complaint is subject to amendment.

R.    Class Members and Representatives / Named Plaintiffs – Typical Claimants

31.    The following Class Members and Representatives have experienced

personally one or more types of discrimination since January 1, 2003 and are representative

of the remaining class members.  At least one Class Representative experienced a qualifying

event in the thirty to forty five days prior to the first contact with an EEO counselor.

a        Plaintiff Christine Mills has personally experienced at least one incident of

discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28

(**Section V**, Counts A-P), above since January 1, 2003.

      b.      Plaintiff Sheldon Austin has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

      c.      Plaintiff Runako Balondemu has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

      d.      Plaintiff Amy Barnes has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

      e.      Plaintiff Arnice Cook has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

      f.      Plaintiff Robert Cooper has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

      g.      Plaintiff Michael Durrah, II has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

      h.      Plaintiff Geradine Duncan has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

      i.      Plaintiff Ulinda Fenwick has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

      j.      Plaintiff Sabrae Hilliard has personally experienced at least one incident

of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

  k.  Plaintiff Priscilla Ijeomah has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

  l.  Plaintiff Shantel Lambert has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

  m.  Plaintiff Lawrence Perry has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

  n.  Plaintiff William Rowland has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

  o.  Plaintiff Carlin Sayles i has personally experienced at least one incident of discrimination and/or retaliation at the hands of the Defendant, as described in Paragraphs 13-28 (**Section V**, Counts A-P), above, since January 1, 2003.

## PRAYER FOR RELIEF

  32.  The foregoing claims against the Library of Congress establish a pattern and practice of discrimination on the basis color, race, and national origin in violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000c, as amended, and the Civil Rights Act of 1991, 42 U.S.C. § l981a.

  33.  Therefore, Plaintiffs pray that the following relief be granted to them, and to those they represent:

  (a)  Enter a declaratory judgment that defendant's conduct as alleged herein has violated

plaintiff's civil rights of the mino⁓ employees of the Library of Congres⁓ ⁓nder 42 U.S.C. § 2000e

and 42 U.S.C.§ 1981a;

(b)      Enter a permanent injunction barring defendant from
continuing to engage in the illegal and discriminatory conduct alleged
herein;

(c)      Enter a permanent injunction barring defendant to take such affirmative steps
as necessary to remedy the effects, and prevent future occurrences, of the illegally
discriminatory conduct alleged herein;

(d)      Award compensatory damages according to proof for each plaintiff and each
class member up to the legal limit and back pay and other such damages as would compensate
fully each plaintiff and class member for the emotional distress and other harm alleged herein;

(e)      Award reasonable attorney fees, expert fees, and costs pursuant to 42
U.S.C. § 1988 and 42 U.S.C. § 2000e; and

(g)      Order other such relief as just and proper.

## Demand for a Jury Trial

Pursuant to Fed. R. Civ. P. 38 (b), the plaintiff's demand a

of all issues so triable as of right.

Respectfully submitted,

CHRISTINE MILLS
3407 Keir Drive
Suitland, MD 20746
(202) 707-1074

RUNAKO BALONDEMU
3206 Chillum Road #Apt. 30
Mt. Rainier, Maryland 20721
(202) 707-1545

AMY BARNES
1708 Buchanan St. NE
Washington, DC 20017
(202) 707-4623

ARNICE COOKE
2039 Gales St. NE
Washington, DC 20002
(202) 399-5257

ROBERT COOPER
101 Independence Ave.
Washington, DC 20540
(202) 707-4579


MICHAEL DURRAH II
1900 23rd St.SE #Apt. 81B
Washington, DC 20020
(202) 707-6898


GERADINE DUNCAN
705 St. Michael Dr.
Mitchellville, Maryland 20721
(202) 707-3593


SABRAE HILLIARD
6579 Pennsylvania Ave. #Apt 203
Forestville, Maryland 20747
(202) 297-2506


PRISCILLA IJEOMAH
4411 Ridgecrest Drive
Suitland, Maryland 20746
(301) 735-8433


LAWRENCE PERRY
8810 Charm Ct.
Brandywine, Maryland 20613
(301) 782-7154

**WILLIAM ROWLAND**
3705 South George Mason Drive
1610 South
Falls Church, Virginia 22041
(202) 707-3839

**MARK A. WILSON**
8745 Contee Road #Apt. 303,
Laurel, Maryland 20708
(202) 707-6940

*Pro Se* Plaintiffs

Prepared with the assistance of

Michael Snider (U.S.D.D.C. Bar Member)
Snider & Fischer, LLC
104 Church Lane, Suite 201, Baltimore, MD 21208

David M. Wachtel (D.C. Bar No. 427890)
Rose & Rose, P.C.
1320 19th Street, N.W., Suite 601
Washington, DC 20036

16