# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE MILLS, et al., | ) |
|     Plaintiffs, | ) Civil Action 04-02205 (HHK) |
| v. | ) Next Court Date: Status Conf. 8/11/06 |
| JAMES H. BILLINGTON, | ) 9:45AM |
|     Defendant. | ) |

## JOINT LCvR 16.3(c) REPORT

The Parties conferred via telephone on Wednesday, July 5, 2006 regarding the matters set forth in LCvR 16.3 and Fed. R. Civ. P. 26 and hereby submit the following statements:

**(1)  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The Parties agree that this case is likely to be decided by dispositive motion, and that in order to efficiently process the case that such briefing should be done after a period of discovery on class issues only. We address the issue of bifurcation below, in which the Parties agree to defer merits and damages discovery until after resolution of the matter of class certification.

**(2)  The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties agree that the matter of joinder will be addressed through the process of class certification and can be re-raised after that matter has been addressed. The Parties agree that factual and legal issues will be looked at jointly after class discovery and briefing.

**(3)  Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Plaintiffs agree to referral to a magistrate judge for discovery matters and discovery disputes, but not for class certification or hearing.

Defendant does not agree to refer any matter to a magistrate judge at this time.

**(4)     Whether there is a realistic possibility of settling the case.**

Plaintiffs believe there is a realistic possibility of settling this case.

Defendant believes there is not, at this stage, a realistic possibility of settling this case.

**(5)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).**

Plaintiffs believe that ADR, including early ADR, would be helpful and would agree to it at this point, and at relevant points in the litigation such as after discovery and before expert discovery, or at the close of all discovery but before briefing, and after briefing on class issues but before a decision is rendered.

Defendant does not believe this case would benefit from ADR at this time.

**(6)     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

As stated above, the Parties both believe that this case is likely to be decided by dispositive motion, but that summary judgment pleadings should be deferred until after the matter of class certification is complete.  The Parties proffer that a briefing schedule for summary judgment matters should be set and decided at a status conference to follow a decision on class certification and related matters.

This will be a better use of judicial and the Parties' resources, since the Parties agree to defer merits and damages discovery until after resolution of the matter of class certification.

**(7)     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties agree to dispense at this time with initial disclosures, as they agree to deal at this time only with class certification and related matters.
Plaintiffs would like the opportunity to reinstate the requirement for initial disclosures at the merits stage of this proceeding, if applicable.

**(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

As stated above, the Parties agree that this case should be bifurcated into 1) class certification and related matters and only then 2) merits and damages. Therefore, the Parties agree that discovery on merits and damages (to the extent they are separate from class discovery) should be deferred until after resolution of the matter of class certification.

The Parties have set forth below a modified Case Tracking Schedule (Complex) for consideration by the Court, given the complex nature of this case and the large number of putative Plaintiffs (900+).

The Parties agree that a Protective Order is appropriate and that Defendant will prepare a draft of the said Order for consideration by Plaintiffs and, if agreed upon, the Parties will present it to the Court for approval.

The Parties agree to the following limitations on discovery for the Class Certification Stage:

>   40 Interrogatories per side, including sub-parts
>   No limit on document production
>   75 requests for admission per side
>   50 depositions per side

The Parties agree and understand that, due to the complex and substantive nature of this case, adjustment to these limitations may be necessary and agree to cooperate with each other in discovery, including agreeing to reasonable adjustments for good cause. Any disputes may be brought to the attention of the Court.

**(9)     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**

The Parties agree that expert witnesses will be a major issue in the Class Certification Stage and therefore have set forth a proposed modified schedule for Expert reports and depositions, reflected in the Case Tracking Schedule (below).

**(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The Parties have dealt with the matter of Rule 23 proceedings in the Case Tracking Schedule and by agreeing to bifurcation of this case.

Plaintiffs prefer to have full briefing of the Class Certification matter, along with oral argument, and would agree to an evidentiary hearing if deemed appropriate by the Court.

      Defendant believes that class certification issues can be resolved by full briefing, along with oral argument, and that an evidentiary hearing on class certification may not be necessary.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

      The Parties agree to bifurcation of discovery into at least two phases, have made a specific proposal for such bifurcation and agree to consider further bifurcation after completion of the Class Certification Stage.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

      The Parties believe that no pretrial conference date should be set at this time in light of the proposed bifurcation of this case.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

      The Parties believe that no firm trial date should be set at this time in light of the proposed bifurcation of this case.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

      Plaintiffs believe that a status conference should be set with the Court every 3 months.

      Defendant does not believe that status reports or periodic status hearings are necessary.

**Jointly Proposed**
**Case Tracking Schedule**

| Item | Days after Initial Scheduling Conference |
|---|---|
| Class Discovery initiation | August 11, 2006 |
| Requests for Admissions | 230 days (March 29, 2007) |
| Close of Class Discovery | 270 days (May 8, 2007) |
| Plaintiffs' R. 26(a)(2) Expert Disclosures | 315 days (June 22, 2007) |
| (Depositions of Plaintiffs' Experts) | |
| Defendant's R. 26(a)(2) Expert Disclosures | 375 days (Aug. 21, 2007) |
| (Depositions of Defendants' Experts) | |
| Plaintiffs' Rebuttal Expert Disclosures | 435 days (Oct. 20, 2007) |
| Status and Briefing Scheduling Conference | 450 days (Nov. 4, 2007) |
| Plaintiffs' Motion for Class Certification | TBD at status conference |
| Defendant's Opposition to Motion for Class Certification and Daubert Motion (if applicable). | TBD at status conference |
| Plaintiffs' Reply to Defendant's Opposition to Motion for Class Certification and Opposition To Defendants's Daubert Motion (if applicable). | TBD at status conference |
| Defendant's Reply to Plaintiffs' Opposition to Daubert Motion (if applicable). | TBD at status conference |
| Oral Argument on Motion for Class Certification | TBD at status conference |
| Decision on Motion for Class Certification | TBD at status conference |
| Status Conference / Scheduling Conference For Merits Phase of Case (if applicable). | TBD at status conference |

Respectfully submitted,

Dated: August 1, 2006.                                        Respectfully Submitted,


_____//s/_____                              /s/   Kenneth L. Wainstein_____
MICHAEL J. SNIDER, ESQ.                                 KENNETH L. WAINSTEIN, D.C. BAR #451058
ARI TARAGIN, ESQ.                                             United States Attorney
JEFFERY TAYLOR, ESQ.
ANDREAS AKARA, ESQ.
Snider & Associates, LLC                                     /s/   Rudolph Contreras_____
104 Church Lane, Ste. 201                                 RUDOLPH CONTRERAS, D.C. BAR #434122
Baltimore, MD 21208                                         Assistant United States Attorney
(415) 653-9060

                                                                       /s/   John C. Truong_____
Attorneys for Plaintiffs                                        JOHN C. TRUONG, D.C. BAR #465901
                                                                      Assistant United States Attorney
                                                                      JULIA K. DOUDS
                                                                      Special Asst. U.S. Attorney
                                                                      555 Fourth Street, N.W.
                                                                      Washington, D.C.  20530
                                                                      (202) 307-0406

                                                                      Attorneys for Defendant