**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Christine Mills, Runako Balondemu, Geradine Duncan, David Hubbard, Priscilla Ijeomah, Clifton Knight, Charles Mwalimu, Lawrence Perry, Sharon Taylor, William Rowland, both individually and on behalf of a class of others similarly situated ) ) ) ) ) ) ) ) | Civil Action 04-02205 (HHK) |
| Plaintiffs, ) ) | JURY TRIAL DEMANDED |
| v. ) ) | |
| JAMES H. BILLINGTON, ) ) | |
| Defendant. ) ) | |

**PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

## I.  INTRODUCTION

Plaintiffs, Christine Mills, Runako Balondemu, Geradine Duncan, David Hubbard, Priscilla Ijeomah, Clifton Knight, Charles Mwalimu, Lawrence Perry, Sharon Taylor, William Rowland (collectively the "Individual" or "Named" Plaintiffs" and/or "Plaintiffs"), individually and on behalf of the class they seek to represent, by and through their undersigned counsel of record, bring this Second Amended Class Action Complaint (the "Complaint"), against James H. Billington, Librarian of the Library of Congress ("Defendant"), and allege as follows:

## II.  NATURE OF THE ACTION

1. Plaintiffs bring this action as representatives of a class of all minority job applicants and all past, current and future minority employees of the Library of Congress (the proposed "Class"). Plaintiffs bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, seeking class-wide injunctive relief and any further or ancillary legal and

equitable relief as justice may require.

2. Defendant has engaged in an ongoing pattern and practice of discrimination against its minority employees. Specifically, as set forth more fully herein:

a. *Discrimination in Compensation*. The pay rates for Caucasian employees have been consistently higher than the pay rates for minority employees. The Defendant's discrimination in pay also diminishes the pension benefits available to Class members.

b. *Discrimination in Promotions*. Minority employees are promoted at a significantly lower rate than Caucasian employees. Defendant's failure to promote minority employees to higher levels results in a "Glass Ceiling" that prevents minorities from achieving upward advancement to more senior levels at the Library of Congress.

c. *Discrimination in Wage Classifications and Job Assignments*. Defendant assigns higher wage grades and step increases to Caucasian employees than it does to minority employees. Defendant assigns the less desirable jobs to its minority employees while assigning better job assignments to Caucasian employees, thus allowing these employees to move ahead and obtain promotions while hindering the advancement of minority employees.

d. *Discrimination in Recruitment.* Defendant's recruitment policies are designed to benefit Caucasian applicants and reach out only, minimally, to minority applicants. Defendant aggravates its discriminatory recruitment practices by using contract employees to avoid offering minority applicants equal opportunity employment.

e. *Harassment/Hostile Work Environment*. Defendant maintains and, or, has failed to control a continuing pattern and practice of harassment of minority employees by Caucasian employees, resulting in a hostile work environment for Defendant's minority employees.

      f.    *Retaliation*. When minority employees of Defendant complain about the above practices and bring them to the attention of management, they are subjected to retaliation.

3.    The racial disparities in compensation, promotions, job classifications and job assignments result from, *inter alia*, Defendant's Agency-wide policy of delegating discretionary authority to managers and supervisors to make these employment decisions. Defendant's managers and supervisors exercise their subjective discretion in a racially discriminatory manner that has a disparate impact on minority employees. Defendant is aware of this practice as it has existed over the years but has failed to remedy its effects. Further, management has not put in place meaningful oversight procedures to ensure that instances of racial discrimination are appropriately addressed.

4.    This discrimination represents an ongoing company-wide pattern and practice, rather than a series of isolated incidents. Defendant's written and unwritten policies and practices has subjected and continue to subject the Individual Plaintiffs and Class members to ongoing discrimination and disparate treatment based on their race. Defendant's actions constitute a continuing violation of the rights of Plaintiffs and the Class.

5.    Absent injunctive relief, Defendant's unlawful practices will continue, to the detriment of the Class. Broad, class-wide injunctive and declaratory relief is necessary to redress Defendant's unlawful conduct.

### III.    INDIVIDUAL PLAINTIFFS

6.    The Individual Plaintiffs are as follows:

a.    Christine Mills is an African-American female who has been employed with the Library of Congress in the non professional series since about January 1, 2003, who has been injured by the acts and practices described herein.

  b.  Plaintiff Runako Balondemu is an African-American male who has been employed with the Library of Congress in the non professional series since about January 1, 2003, who has been injured by the acts and practices described herein.

  c.  Plaintiff Geradine Duncan is an African-American female who has been employed with the Library of Congress in the non professional series since about January 1, 2003, who has been injured by the acts and practices described herein.

  d.  Plaintiff David Hubbard is an African-American male who has been employed with the Library of Congress in the non professional series since about January 1, 2003, who has been injured by the acts and practices described herein.

  e.  Plaintiff Priscilla Ijeomah is an African-American female who has been employed with the Library of Congress in the non professional series since about January 1, 2003, who has been injured by the acts and practices described herein.

  f.  Plaintiff Clifton Knight is an African-American male who has been employed with the Library of Congress in the professional series since about January 1, 2003, who has been injured by the acts and practices described herein.

  g.  Plaintiff Charles Mwalimu is an African (national origin) and/or African American male who was employed with the Library of Congress in the professional series since about January 1, 2003, and who was injured by the acts and practices described herein.

  h.  Plaintiff Lawrence Perry is an African-American male in the professional series who has been employed with the Library of Congress since about January 1, 2003, who has been injured by the acts and practices described herein.

  i.  Plaintiff Sharon Taylor is an African American female who was employed with the

Library of Congress as a probationary employee since about January 1, 2003, and who has been injured by the acts and practices described herein.

    j.    Plaintiff William Rowland is an African-American male who was employed with the Library of Congress in the non professional series since about January 1, 2003, and who was injured by the acts and practices described herein.

## IV. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant is headquartered and conducts business in the District of Columbia, and because acts and omissions giving rise to this action occurred in the District of Columbia.

## V. CLASS ACTION ALLEGATIONS

9. Plaintiffs bring this action individually, and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all minority job applicants and all past, current and future minority employees of Defendant. The Individual Plaintiffs are members of the Class they seek to represent.

10. The members of the Class are so numerous that joinder of all members is impracticable. It is believed by Plaintiffs that the Class is comprised of several hundred person and may be as great as 900 persons.

11. There are questions of law or fact common to the Class, including, without limitation:

    a.    whether Defendant's common operating practices and procedures discriminate against minority employees;

      b.      whether Defendant's policies have an adverse impact upon the Class, and, if so, whether this impact is justified by business necessity;

      c.      whether Defendant's policy or practice of granting discretionary authority to its managers and supervisors to make decisions concerning compensation, promotions, job evaluations, job classifications and job assignments negatively affects Class members;

      d.      whether Defendant has a policy or practice of paying minority employees less than Caucasian employees for the same work;

      e.      whether Defendant has a policy or practice of grooming Caucasian employees for advancement, while denying these same opportunities to minority employees;

      f.      whether Defendant has a policy or practice of failing to promote qualified minority employees to higher positions within LOC;

      g.      whether Defendant has a policy or practice of assigning lesser job classifications or wage grades to minority employees than are assigned to similarly situated Caucasian employees;

      h.      whether Defendant has a policy or practice of making less desirable work assignments to minority employees than to Caucasian employees;

      i.      whether minority employees at Defendant are subject to a pattern and practice of racial harassment;

      j.      whether Defendant's conduct alleged herein constitutes a hostile work environment for the Class;

      k.      whether Defendant has a policy and practice of retaliating against Class members who object to or who oppose Defendant's unlawful employment practices;

    l.  whether equitable relief is warranted and the nature of such relief;

    m.  whether justice requires further legal and equitable relief.

12. Plaintiffs' claims are typical of the claims of the members of the Class. The Individual Plaintiffs have been subjected to the discriminatory common operating policies and practices and hostile work environment caused by Defendant. The policies and practices complained of in this Complaint affect the entire Class.

13. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have no conflict with the Class members and have retained counsel capable of prosecuting a class action lawsuit as well as a case of this nature.

14. This action is properly maintainable under Rules 23(b)(2) and, or, (b)(3) because: a) Defendant has maintained an ongoing pattern and practice of discrimination on the basis of race and a hostile work environment, thereby acting or refusing to act on grounds generally applicable to the Class, making appropriate final injunctive or declaratory relief with respect to the Class as a whole; and b) questions of law and fact common to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case.

## VI. FACTUAL ALLEGATIONS

15. The Defendant's organizational structure creates a segregated working environment in which the Plaintiffs work in groupings that are separate and apart from their Caucasian co-employees.

16. The Defendant has imposed and imposes disproportionate disciplinary actions against the Plaintiffs that it does not impose upon its Caucasian workforce for work related

conduct that is similar in terms of breaches of any mandated employer protocols, rules and regulations.

17.     The Defendant has failed to proportionately offer Plaintiffs incentives for advancement in their careers as it has done in relation to those positions filled primarily by its Caucasian employees.

18.     The Plaintiffs disproportionately fill positions that the Defendant treats as dead-end career positions and as a result Plaintiffs suffer from work place frustration and are prone to find themselves in hostile work environments.

19.     The Plaintiffs are not afforded meaningful work place training that could provide an opportunity for work place advancement and this further exacerbates their frustration of being placed in dead end jobs.

20.     The Defendant promotes a two tier classification system that adversely impacts the Plaintiffs. Defendant classifies its workforce as either professional or non-professional with Caucasians dominating the professional tier while the minorities fill the non-professional ranks.

21.     The Defendant's policies and operating practices dissuades Plaintiffs from moving from the non-professional tier to the professional tier. The Defendant does not properly consider actual on the job work experience gained by Plaintiffs so that they may move from the non-professional tier to the professional tier.

22.     The Defendant announces job openings that contain qualifying criteria that exceed the criteria needed by an employee to actually carry out the job function thereby limiting Plaintiffs' advancement opportunities, since Plaintiffs often have sufficient on the job experience to advance but may not possess the superfluous education requirements sought in the job

announcements.

23.     The Defendant is acutely aware of the fact that its minority employees are discriminated against by its policies and practices, yet rather then seek to amend these policies to mitigate the harm the Defendant has fortified its policies by limiting or corrupting the remedial purposes of the various offices intended to assist Plaintiffs with their grievances including the Equal Opportunity Office, Employee Assistance Office, Human Resources Department and the Labor Relations Offices.

### VII.     THE INDIVIDUAL PLAINTIFFS' ALLEGATIONS

24.     The Individual Plaintiffs have collectively suffered the form of discrimination alleged herein on behalf of the Class.  They have been paid less than similarly situated Caucasian employees.  Among other things, this form of class-wide discrimination has reduced the pensions to which retired Class members would otherwise be entitled absent discrimination.  They have received unfair performance appraisals, and been assigned lower job classifications, and lower wage grades, and have been denied opportunities for training, mentoring, promotion and advancement provided to similarly situated Caucasian employees.  They have been assigned less desirable jobs than their Caucasian counterparts, and they have been subjected to a continuing pattern and practice of harassment and been subjected to an ongoing racially hostile work environment.  Finally, when they have complained to their supervisors and Human Resources about these practices, they have been retaliated against.

### COUNT I
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000e *et seq*.

25.     Plaintiffs re-allege and incorporate by reference all preceding Paragraphs.

26. Plaintiffs have been granted the right to sue by this Court.

27. Defendant has discriminated against Plaintiffs and the Class with respect to the terms and conditions of employment because of their race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

28. Defendant's conduct has been intentional and, or, has had disparate impact on Plaintiffs and the Class with respect to the terms and conditions of their employment.

29. By virtue of Defendant's conduct as alleged herein, Plaintiffs and the Class have been injured.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court enter an order:

a. Certifying this action as a class action, with Plaintiffs as the Class Representatives and their counsel of record as Class Counsel;

b. Adjudicating and declaring that Defendant's conduct as set forth above is in violation of 42 U.S.C. § 2000e *et seq.*, as amended;

c. Permanently enjoining and prohibiting Defendant and its officers, agents, employees and successors from continuing to engage in the practices complained of herein;

d. Permanently enjoining and requiring Defendant to adopt policies and practices that ensure the cessation of all discriminatory practices affecting the Individual Plaintiffs and the Class and requiring the institution of such measures as to ensure that these practices do not re-emerge;

  e. Awarding Plaintiffs and the Class any and all equitable remedies necessary to provide the Individual Plaintiffs and the Class with full relief from the discrimination they have suffered;

  f. Awarding attorneys' fees and reimbursement of costs associated with this action to Plaintiffs' Counsel;

  g. Retaining jurisdiction to ensure that Defendant fully complies with the equitable relief ordered; and

  h. Awarding Plaintiffs and the Class such other and further legal and equitable relief as may be appropriate in the interest of justice.

         Respectfully submitted,

         /s/ Jeffery C. Taylor
         _____
         Michael J. Snider, Esq. MD #24695
         Ari Taragin, Esq. MD #27409
         Jeffery C. Taylor, Esq. MD #15528
         Jason I. Weisbrot, Esq. MD #28074
         Jacob Statman, Esq. MD #16932
         Law Offices of Snider & Associates, LLC
         104 Church Lane, Suite 100
         Baltimore, MD 21208
         410-653-9060 phone
         410-653-9061 fax
         mike@sniderlaw.com
         jeff@sniderlaw.com
         ecf@sniderlaw.com