UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTINE MILLS, *et al.*

         Plaintiffs,

    v.

JAMES BILLINGTON, Librarian,
Library of Congress,

         Defendant.

Civil Action No. 04-2205 (HHK)(AK)

## REPORT AND RECOMMENDATION

      The trial court referred this matter to the undersigned pursuant to Local Civil Rule 72.3(a)

for a Report and Recommendation on Plaintiffs' Motion for an Injunction to Require Defendant

to Compile and Publish Annual Equal Employment Opportunity Plans and Related Reports and

As Required by Title VII.  (*See* [149] Order dated 12/17/09.)  Based on the submissions of the

Plaintiffs and Defendant and upon the arguments presented at the hearing held before the

undersigned on January 20, 2009, the undersigned recommends that the trial court deny this

motion for the reasons set forth below.

## I.      BACKGROUND

      Plaintiffs are minority employees of the Library of Congress ("LOC" or "the Library")

who brought suit on behalf of themselves and "as representatives of a class of all minority job

applicants and all past, current, and future minority employees of the Library of Congress."  (2d

Am. Compl. [28] ¶¶ 1-2.)  Plaintiffs allege that Defendant James Billington, the Librarian of

Congress, "engaged in an ongoing pattern and practice of discrimination against its minority employees" regarding compensation, promotions, wage classifications, job assignments, and recruitment.  (*Id.* ¶ 2(a)-(d).)  Plaintiffs further allege that Defendant creates a hostile work environment for minority employees and retaliates against those employees who complain about these discriminatory practices.  (*Id.* ¶ (2(e)-(f).)

This suit was initiated on December 20, 2004.  (*See* Compl. [1] filed 12/20/04.) Discovery closed on September 30, 2009, after many delays and extensions.  (*See* Minute Order dated 09/02/09.)  A motion for class certification was due at that time, but has been temporarily stayed while several discovery disputes remain pending.  (*See* Minute Order dated 09/29/09.) Additionally, Defendant has filed a motion to stay the pending discovery disputes so that he might pursue a partial motion to dismiss based on res judicata.  (*See* Mot. for Briefing Sched. & Stay of Pending Discovery Issues [142] filed 11/19/09.)  That motion to stay is currently pending before the trial court.

On October 30, 2009, Plaintiffs filed this motion now before the undersigned asking the Court to issue an injunction requiring the Library of Congress to comply with its statutory duties under § 717(b) of Title VII, as amended, 42 U.S.C. § 2000e-16(b).  (*See* Plts. Mot. for an Injunction [137] at 1.)  Specifically, that provision provides, in pertinent part:

. . . The [Librarian of Congress][1] shall–

---

[1]Title VII vests the EEOC with authority to carry out enforcement of the non-discrimination provisions of Title VII as applied to the federal government.  *See* 42 U.S.C. § 2000e-16(a) & (b).  However, the statute contains a carve out for the LOC and, with respect to employment in the LOC, vests the Librarian of Congress with all the authorities the EEOC is granted under the statute.  *See* 42 U.S.C. § 2000e-16(b); *see also Hackley v. Roudebush*, 520 F.2d 108, 131-32 & n.86 (D.C. Cir. 1975).

(1) be responsible for the annual review and approval of a national and regional equal employment opportunity plan which each department and agency and each appropriate unit referred to in subsection (a) of this section shall submit in order to maintain an affirmative program of equal employment opportunity for all such employees and applicants for employment;

(2) be responsible for the review and evaluation of the operation of all agency equal employment opportunity programs, periodically obtaining and publishing (on at least a semiannual basis) progress reports from each such department, agency, or unit; and

(3) consult with and solicit the recommendations of interested individuals, groups, and organizations relating to equal employment opportunity.

42 U.S.C. § 2000e-16(b).  Plaintiffs allege that Defendant has not complied with the requirements of this provision since 2004.  Plaintiffs raise this claim for the first time in this motion for an injunction.

It is clear from the record that Defendant has failed to comply with the requirements of 42 U.S.C. § 2000e-16(b)(1)-(2).  The Library's most recent EEO plan was published in September 2004, the same year this lawsuit was initiated.  (*See* Memo. in Support of Plts. Mot. for Injunction [137] at 2.)  Since then, the Library has failed to compile and publish an annual EEO plan and the required semi-annual progress reports.  (*Id.* at 3.)  Plaintiffs seek an injunction requiring Defendant to (1) compile and publish an annual EEO plan and semi-annual progress reports for fiscal years 2005-2009; (2) consult with and solicit recommendations from interested individuals; and (3) compile and publish EEO plans and semi-annual progress reports for 2010 and each year thereafter.  (Plts. Mot. for Injunction [137] at 1.)

Defendant initially opposed this motion on the grounds that Plaintiffs failed to set forth and meet the standard for granting an injunction.  (*See* Def. Opp'n to Plts. Mot. for Injunction [141] at 1-3.)  After the initial briefing, the undersigned ordered the parties to address the issue of standing.  (*See* Minute Order dated 01/08/10.)  In its supplemental brief, Defendant argues that

Plaintiffs have failed to show they have standing to pursue this claim.  (Def. Supp. Brief [155] at

2-5.)  Defendant additionally asserts that as to § 2000e-16(b), Defendant has not waived its

sovereign immunity and that Plaintiffs, therefore, have no judicial recourse to enforce that

provision.  (*Id.* at 5-6.)  The undersigned heard oral argument on these issues on January 20,

2009.  The undersigned now recommends that the trial court deny Plaintiffs' motion for an

injunction on the following grounds.

## II.    ANALYSIS

At this time, the undersigned is not considering the merits of this motion for an injunction

because the undersigned finds there are several jurisdictional hurdles that Plaintiffs are unable to

clear.  First, the undersigned finds that the Library has not waived its immunity to suit with

respect to 42 U.S.C. § 2000e-16(b).  The undersigned further finds that Plaintiffs do not have

standing to enforce the provisions of § 2000e-16(b) because they are unable to show they have

suffered an "injury in fact" that would be likely redressable by an injunction from this Court.

Finally, even if the trial court finds that Plaintiffs have cleared these jurisdictional hurdles,

Plaintiffs must first move to amend their complaint before this claim can be heard by the Court.

### A.    Sovereign Immunity

Sovereign immunity is a judicial doctrine that prevents the federal government from

being sued unless it has waived its immunity or consented to suit.  *FDIC v. Meyer*, 510 U.S. 471,

475 (1994).  Plaintiffs seek an injunction requiring Defendant to comply with Title VII's

statutory requirement to compile and publish annual EEO plans and semi-annual progress reports

and to consult with and solicit recommendations from interested individuals.  *See* 42 U.S.C. §

2000e-16(b).  The question is whether Plaintiffs' claims for relief are barred by sovereign

- 4 -

immunity.

Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin in federal employment.  *See* 42 U.S.C. § 2000e-16(a).  Title VII explicitly waives the federal government's sovereign immunity and creates a private right of action for federal employees to challenge unlawful employment practices, upon exhaustion of administrative remedies.  *See* 42 U.S.C. § 2000e-16(c).  In granting this right, § 2000e-16(c) explicitly incorporates § 2000e-16(a), but nowhere does it mention § 2000e-16(b):

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit *on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section*, Executive Order 11478 or any succeeding Executive orders . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

42 U.S.C. § 2000e-16(c) (emphasis added).  This provision makes clear that sovereign immunity is waived only as to complaints of discrimination based on race, color, religion, sex, or national origin that are brought under § 2000e-16(a).  Plaintiffs fail to identify any express or implied waiver of the Library's sovereign immunity with respect to § 2000e-16(b).

Furthermore, no unlawful employment practices are being alleged in this motion for an injunction.  Plaintiffs are instead alleging that Defendant failed to act as required by § 2000e-16(b) – i.e., failed to compile and publish EEO reports and plans.  Under the doctrine of sovereign immunity, a plaintiff cannot sue the United States or its officials unless Congress has unequivocally waived sovereign immunity by statute.  *FDIC v. Meyer*, 510 U.S. at  475-76; *see also Bagenstose v. District of Columbia*, 503 F. Supp. 2d 247, 255 (D.D.C. 2007), *aff'd*, 20008,

- 5 -

WL 2396183 (D.C. Cir. 2008).  Where Congress has waived the federal government's immunity

from suit under Title VII, it has done so explicitly and only under specific circumstances.

*Bagenstose*, 503 F. Supp. 2d at 255.  Most prominently, the federal government can be sued

where it "acts as an employer."  *Bagenstose*, 503 F. Supp. 2d at 255; *Darbeau v. Library of

Congress*, 453 F. Supp. 2d 168, 170 (D.D.C. 2006); *see also* 42 U.S.C. § 2000e-16(c).  However,

"Title VII does not vest federal courts with jurisdiction over suits against the [federal

government] for other causes, such as agency inaction."  *Darbeau*, 453 F. Supp. 2d at 170.  Here,

the Librarian's failure to comply with § 2000e-16(b) does not fall within its role as Plaintiffs'

"employer," but instead amounts to a general agency action – or, more specifically, inaction.

Thus, this court appears to have no subject matter jurisdiction over this claim.

      Despite this, the D.C. Circuit has held that sovereign immunity does not bar suits for

injunctive relief against government officials where the challenged action is "alleged to be

unconstitutional or beyond statutory authority."[2]  *Clark v. Library of Congress*, 750 F.2d 89, 102

(D.C. Cir. 1984) (seeking non-monetary relief for the Librarian's alleged violation of the First

Amendment); *see also American Council of the Blind v. Boorstin*, 644 F. Supp. 811, 814-15

(D.D.C. 1986) (same).  Here, the Plaintiffs are not alleging that the Librarian's actions are

unconstitutional, rather they allege the Librarian has not complied with the statutory requirements

under § 2000e-16(b).  However, the Librarian's failure to comply with all the statutory

---

[2]Although the1976 amendments to § 702 of the Administrative Procedures Act (APA), 5 U.S.C. § 702, eliminated the sovereign immunity defense in virtually all actions for non-monetary relief against a federal government agency or officer acting in official capacity, this broad waiver of sovereign immunity does not apply to the Library of Congress.  *See Clark v. Library of Congress*, 750 F.2d 89, 102 (D.C. Cir. 1984).  The Library of Congress is not an "agency" as defined under the APA.  *See* 5 U.S.C. § 701(b)(1)(A) (excluding Congress from the definition of agency).

requirements of Title VII – specifically, the publishing and consulting provisions of § 2000e-16(b) – is not an act "beyond [the Librarian's] statutory authority."  *See Clark*, 750 F.2d at 102. His actions, therefore, do not fall under this exception to the sovereign immunity doctrine.

Accordingly, the undersigned recommends that this motion for injunction be denied because this Court lacks subject matter jurisdiction to issue the injunction.

### B.      Standing

The undersigned also recommends dismissing this case because Plaintiffs do not have standing to enforce the provisions of § 2000e-16(b).

The doctrine of standing promotes the separation of powers and increases judicial efficiency and fairness by restricting the availability of individuals who can bring a matter to the court for adjudication.  The Supreme Court has identified three basic constitutional requirements for individual standing.  For individuals to have standing, they must establish: (1) that they have suffered an "injury in fact;" (2) that there is a "causal connection between the injury" and the "challenged action of defendant;" and (3) that the injury will "likely" be "redressed by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Center for Biological Diversity v. Department of Interior*, 563 F.3d 466, 477 (D.C. Cir. 2009) (reiterating the test set forth in *Lujan*).

The plain language of Title VII gives standing to minority plaintiffs who have been aggrieved by an employer's unlawful employment practices.  *See* 42 U.S.C. § 2000e-5 (private sector employees); § 2000e-16 (federal government employees); *see also Gray v. Greyhound Lines, East*, 545 F.2d 169, 175-76 (D.C. Cir. 1976) (holding that the plaintiffs had standing because they claimed they were aggrieved by the employer's alleged illegal hiring practices).

- 7 -

What is unclear is whether minority plaintiffs have standing to enforce the publishing and consulting provisions of § 2000e-16(b). "The party invoking federal jurisdiction bears the burden of establishing [the constitutional requirements for standing]." *Lujan*, 504 U.S. at 561. The undersigned find that Plaintiffs are unable to meet the first and third requirements for constitutional standing.

### 1.      Injury in Fact

An "injury in fact" is an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). The Supreme Court has long recognized that violations of rights created by statute are sufficient to confer standing. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 514 (1975). However, a plaintiff's general interest in seeing that the government carries out its statutory duties is not enough to confer standing. *Freedom Republicans, Inc. v. FEC*, 13 F.3d 412, 415 (D.C. Cir. 1994). Instead, a plaintiff must show a personal, concrete injury. *See FEC v. Akins*, 524 U.S. 11, 20-21 (1998).

Here, Plaintiffs argue they "have standing to seek information that should be filed and published annually, because Congress granted broad standing to private plaintiffs." (Memo. in Support of Plts. Mot. for Injunction [137] at 12.) They claim they have "suffered a cognizable injury by denial of their statutory right to information and participation in the affirmative action plan process." (Plts. Supp. Brief on Standing [156] at 2-7.) Defendant disagrees and argues that Plaintiffs have suffered no "direct injury." (Def. Supp. Brief [155] at 2-3.)

The Supreme Court has held that Congress can, by statute, create a right to information and that the denial of such information is an injury sufficient to satisfy Article III standing

requirements.[3]  *FEC v. Akins*, 524 U.S. at 21.  Even if the harm is widely shared, as long as it is concrete and specific, standing will be conferred.  *Id.* at 24-25.  Additionally, the D.C. Circuit and this Court have found "a denial of access to information can work an 'injury in fact' for standing purposes, at least where a statute . . . requires that the information 'be publicly disclosed' and there 'is no reason to doubt [plaintiff's] claim that the information would help them.'"  *Ethyl Corp. v. EPA*, 306 F.3d 1144, 1148 (D.C. Cir. 2002) (*quoting Akins*, 524 U.S. at 21); *see also Friends of Animals v. Salazar*, 626 F. Supp. 2d 102, 111-12 (D.D.C. 2009); *American Historical Ass'n v. National Archives & Records Admin.*, 310 F. Supp. 2d 216, 227-28 (D.D.C. 2004).  This "informational standing" arises where a statutory provision has "*explicitly* created a right to information."  *Animal Legal Defense Fund v. Epsy*, 23 F.3d 496, 502 (D.C. Cir. 1994) (emphasis added).

The question here is whether 42 U.S.C. § 2000e-16(b) "explicitly" grants Plaintiffs a right to information.  In *Friends of Animals v. Salazar*, Judge Henry H. Kennedy made the distinction between a statute that requires information to be published and a statute that requires information to be made available to the public, finding only the latter to confer standing.  626 F. Supp. 2d at 113.  In that case, organizational plaintiffs sought to enforce the requirements of the Endangered Species Act – specifically, the Secretary of the Interior's compliance with the requirements of subsections 10(c) and 10(d) in granting permits or exceptions to prohibitions concerning

---

[3]While Plaintiffs also assert that they were injured because Defendant did not consult with them as an "interested group"under § 2000e-16(b), there is nothing in the statute or case law that would suggest the Library had an affirmative duty to consult these particular Plaintiffs or that Title VII gave these Plaintiffs a statutory right to be consulted.  Therefore, the undersigned will not address this alleged harm and confines its analysis to the allegations that Plaintiffs were denied a right to the information that § 2000e-16(b)(1)-(2) required the Librarian to publish.

endangered species. *Id.* at 106, 11-113. Subsection 10(c) requires that information received by the secretary with an application for a permit or exception "shall be available to the public as a matter of public record at every stage of the proceeding." *Id.* at 106 (quoting 16 U.S.C. § 1539(c)). In contrast, subsection 10(d) states that the Secretary may grant exceptions "only if he finds and publishes his findings in the Federal Register . . ." *Id.* (quoting 16 U.S.C. § 1539(d)).

As to subsection 10(c), this Court found that the plaintiffs did suffer an "injury in fact" because the information was not "publicly disclosed" as the statute requires, and the plaintiffs had shown that their harm was "specific and concrete because they regularly use the information . . . to participate in the subsection 10(c) process and to inform their members." 626 F. Supp. 2d at 111-12. Conversely, this Court found that the plaintiffs suffered no direct injury by the Secretary's noncompliance with subsection 10(d):

> Importantly, the information provided in subsection 10(c) is necessary for plaintiffs to meaningfully participate in the section 10 process, and therefore deprivation of that information causes a specific, concrete, actual and imminent injury. By contrast, the findings in subsection 10(d) are published at the conclusion of the section 10 process following the mandated public process. While plaintiffs argue that such findings are necessary for them to ask the [defendant] to reconsider its decision or to challenge the [defendant's] decision in court, this is not an injury to their ability to participate in the section 10 process, but instead reveals a more general interest in the law being followed.

*Id.* at 113.

The undersigned finds *Friends of Animals* to be analogous here. Like the plaintiffs in *Friends of Animals* trying to enforce the § 10(d) requirements that the Secretary publish her findings, Plaintiffs here seem to have a "more general interest in the law being followed" as opposed to having suffered a "specific, concrete, actual and imminent injury." 626 F. Supp. 2d at 113. While § 2000e-16(b) creates an affirmative duty on the Librarian of Congress to gather and

publish information concerning the Library's EEO plans and progress, Plaintiffs have not shown how the Librarian's noncompliance has specifically harmed them.  In fact, Plaintiffs admit that they did not rely on any of the reports published in 2004 or earlier in forming and assessing their discrimination claims against the Librarian.  (01/20/10 Hr'g Tr. [161]  at 7-8.)  Plaintiffs also admit they were unaware that Defendant had not complied with § 2000e-16(b) until 2009, five years after the Librarian had stopped gathering the data and publishing the EEO reports and semi-annual progress reports.  (01/20/10 Hr'g Tr. [161] at 9-10.)

Although Plaintiffs claim the information in the reports and any underlying data used to compile them would be useful in pursuing their discrimination claims (*see, e.g.*, 01/20/10 Hr'g Tr. [161] at 8, 15), they have been unable to show how they have been harmed by the lack of information.  This is unlike plaintiffs in *Friends of Animals* where the court found an "injury in fact" because the plaintiffs regularly used the information to which they had a statutory right under § 10(c).  *Friends of Animals*, 626 F. Supp. 2d at 112.

Furthermore, § 2000e-16(b) merely requires that the Librarian gather and publish information on the Library's EEO plans and progress.  There is nothing in the statute that explicitly requires the data be made available to the public – a distinction this court makes in *Friends of Animals*.  *See* 626 F. Supp. 2d at 113.  This, combined with the fact that Plaintiffs have failed to show how they have been directly harmed, shows that Plaintiffs cannot meet the "injury in fact" requirement for standing.

### 2.      Redressability

Assuming arguendo that the trial court were to find there was an "injury in fact" to Plaintiffs, they are unable to show their injury will "likely" be redressed "by a favorable decision" of this court.  Redressability is satisfied if it is "likely, as opposed to merely speculative

that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (internal quotations omitted).

Plaintiffs are seeking the same statistical data that was included in the Library's 2004 Report. (*See* Plts. Mot. for Injunction at 4.)   This information can be sought through the normal litigation process and, in fact, is the subject of several pending discovery disputes. (*See* Plts. Mot. to Compel Discovery [129] filed 08/28/09.)  If the data exists, there is a possibility Plaintiffs will receive this information through the normal discovery process.  Furthermore, the language of § 2000e-16(b) does not require the Library to include the type of statistical data it chose to include in its 2004 report.[4]  Thus, even if this Court were to issue an injunction requiring the Librarian to compile and publish the delinquent and future reports, that is no guarantee that the reports will contain the statistical data Plaintiffs say they need and have been injured by not having.  Therefore, it is more speculative than likely that an order requiring the Librarian to comply with § 2000e-16(b) will redress Plaintiffs' alleged harm.

Accordingly, the undersigned finds that Plaintiffs do not meet the basic constitutional standing requirements because they are unable to show they have suffered an injury in fact under § 2000e-16(b) that would likely be redressed by an injunction from this Court.

C.    **Amending the Complaint**

Plaintiffs raise this claim under 42 U.S.C. § 2000e-16(b) for the first time in their motion for an injunction and the memorandum in support thereof – almost five years after they filed their complaint.  In that motion, they charge that the Librarian has failed to comply with § 2000e-16(b) since 2005, acts which take place after this lawsuit was initiated in 2004.  (Memo. in Support of

_____

[4] Section 2000e-16(b) merely requires the Librarian to "review and approv[e]" and to periodically "obtain[] and publish[] (on at least a semiannual basis) progress reports" on the Library's "equal employment opportunity plan."  42 U.S.C. § 2000e-16(b)(1)-(2).

Plts. Mot. for Injunction [137] at 1.)  Plaintiffs state that the Librarian's failure to perform its

statutory duty under § 2000e-16(b) was not alleged in the amended complaint "because that

failure did not become an apparent violation until after the filing of this suit."  (*Id.* at 13.)  In fact,

at the hearing before the undersigned, Plaintiffs admit they did not become aware of this failure

until 2009.  (01/20/10 Hr'g Tr. [161] at 9-10.)  However, Plaintiffs have not moved this Court to

amend their complaint to add this specific claim.  Assuming arguendo that the trial court finds

that Plaintiffs clear the jurisdictional hurdles address above, the undersigned now addresses

whether this claim is properly before this Court.

"The traditional practice of this Court has been to disregard 'claim[s] asserted for the first

time in a memorandum of law' because those claims '[were] not made in the [plaintiff's] original

complaint or advanced in a motion to amend.'" *Tunica-Biloxi Tribe of La. v. United States*, 577

F. Supp. 2d 382, 411 (D.D.C. 2008) (*quoting Hamilton v. Paulson*, 542 F. Supp. 2d 37, 61

(D.D.C. 2008)); *see also Kilpatrick v. Paige*, 193 F. Supp. 2d 145, 158 (D.D.C. 2002).  However,

in 2007, the D.C. Circuit ruled that it was inappropriate to strike a claim raised for the first time

in a memorandum of law if "[t]he factual basis for [the plaintiff's] 'new' claim was substantially

similar to [the plaintiff's properly raised claim] and [the defendant] did not demonstrate that

allowing [the plaintiff's] claim would cause undue prejudice." *Wiley v. Glassman*, 511 F.3d 151,

159 (D.C. Cir. 2007).  This Court nevertheless held that it is proper to dismiss a claim raised for

the first time in a memorandum of law, and that dismissal would not run afoul of *Wiley*, so long

as the court afforded the plaintiff leave to amend the complaint to include the newly alleged

claim. *Hamilton*, 542 F. Supp. 2d at 62-63.

It is unclear to the undersigned whether the factual basis for Plaintiffs' new claim is

"substantially similar" to the claims raised in their amended complaint. *See Wiley*, 511 F.3d at

159.  Nevertheless, because this claim was raised first in Plaintiffs' motion for an injunction and

their supporting memorandum of law, the undersigned recommends that this motion be

dismissed without prejudice with leave for Plaintiffs to file a motion to amend their complaint.

*See Hamilton*, 542 F. Supp. 2d at 62-63.  The undersigned will not speculate whether it would be

proper for Plaintiffs to amend their complaint to bring this claim at this time – an issue that has

not been briefed.

## III.    RECOMMENDATION

For the foregoing reasons, and in accordance therewith, the undersigned recommends that

Plaintiffs' Motion for an Injunction to Require Defendant to Compile and Publish Annual Equal

Employment Opportunity Plans and Related Reports and As Required by Title VII be denied.

## IV.    REVIEW BY THE DISTRICT COURT

The parties are hereby advised that under the provisions of Local Rule 72.3 (b) of the

United States District Court for the District of Columbia, any party who objects to the Report and

Recommendation must file a written objection thereto with the Clerk of this Court within 14 days

of the party's receipt of this Report and Recommendation.  The written objections must

specifically identify the portion of the report and/or recommendation to which objection is made,

and the basis for such objections.  The parties are further advised that failure to file timely

objections to the findings and recommendations set forth in this report may waive their right of

appeal from an order of the District Court that adopts such findings and recommendation.  *See*

*Thomas v. Arn*, 474 U.S. 140 (1985).


__02/17/2010__                                        _____/s/_____
DATE                                                          ALAN KAY
                                                                   UNITED STATES MAGISTRATE JUDGE

- 14 -