UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE MILLS, et. al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JAMES BILLINGTON, Librarian, )<br>Library of Congress )<br>)<br>Defendant. )<br>) | Civil Action No. 04-2205 (HHK/AK) |

### MEMORANDUM ORDER

Pending before this Court are Plaintiffs' Motion to Compel Discovery ("Mot.") [129], Defendant's Opposition thereto ("Opp'n") [132], and Plaintiffs' Reply ("Reply") [133]. On October 20, 2009, this Court held a hearing on the matter. Because this motion involved several electronic discovery issues, the matter was referred to Magistrate Judge Facciola on November 3, 2009, for the limited purpose of conducting mediation on electronic discovery disputes. That mediation has since concluded. On April 30, 2010, this Court ordered supplemental briefing on this motion, which was completed on May 20, 2010. For the reasons set forth below, Plaintiffs' Motion to Compel Discovery is granted in part and denied in part.

I.  BACKGROUND

Plaintiffs are minority employees of the Library of Congress who brought suit on behalf of themselves and "as representatives of a class of all minority job applicants and all past, current, and future minority employees of the Library of Congress." (2d Am. Compl. [28] ¶¶ 1-2.) Plaintiffs allege that Defendant James Billington, the Librarian of Congress, "engaged in an

ongoing pattern and practice of discrimination against its minority employees" regarding compensation, promotions, wage classifications, job assignments, and recruitment.  (*Id.* ¶ 2(a)-(d).)

Plaintiffs served Defendant its Request for Production of Documents Regarding Class Discovery on May 14, 2009.  (Mem. in Supp. of Mot. to Compel at 2.)  Defendant responded on June 19, 2009, and supplemented its responses on July 27, 2009.  (*Id.* at 3.)  Plaintiffs served Defendant its Interrogatories on May 20, 2009.  (Pls.' Ex. 9.)  Defendant responded on June 23, 2009, and supplemented its responses on August 7, 2009.  (Pls.' Ex. 10 & 11.)  Plaintiffs filed the instant Motion to Compel on August 28, 2009.  Plaintiffs move this Court to compel Defendant to produce documents in response to Plaintiffs' Request for Production of Documents Nos. 1(m)-(n), 6 -9, 14, 16-18, and 22 and provide responses to Interrogatories Nos. 2, 4-8, 13, 15-16, and 19-20. (Mot. at 1-2.)  Plaintiffs further request that Defendant reproduce the data provided in response to Requests for Production of Documents Nos. 1 (a-l), 2, 3, and 4 in an Excel format or in an Access database. (*Id.* at 1.)

Discovery closed on September 30, 2009.  The due date for a Motion for Class Certification was vacated pending resolution of this motion.  (*See* Minute Order dated 9/29/09.)  This Court held a hearing on this motion on October 20, 2009.  At the hearing, it became apparent there were several electronic discovery issues that needed to be resolved, and after consulting with the trial court, the parties were referred to Magistrate Judge Facciola for the sole purpose of mediating electronic discovery disputes.  (*See* Minute Order dated 11/03/09.)  That mediation has since concluded.  In the interim, this Court has monitored the parties progress on resolving the disputes at issue in this motion.  (*See* Minute Entries dated 11/16/09, 3/24/10,

4/14/10, 4/22/10, and 4/30/10.) During this Court's April 30, 2010, telephone status conference with the parties, it became clear that the parties had reached an impasse. This Court subsequently ordered supplemental briefing on one of the issues in contention: whether any of Plaintiffs' document requests can be construed to request "applicant flow data." (*See* Minute Order dated 4/30/10.)

## II.   LEGAL STANDARD

"Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. § 26(b)(1). However, Rule 26 allows the court to limit discovery on its own initiative, if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id.* § 26(b)(2)(C)(iii).

A party requesting documents or electronically stored information must "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. § 34(b)(1)(A). "[I]n drafting document requests, it is the party seeking discovery bears the burden of fashioning the requests appropriately." *Washington v. Thurgood Marshall Acad.*, 232 F.R.D. 6, 10 (D.D.C. 2005). Likewise, a party objecting to a document request must specifically show how the request is burdensome, overly broad, vague, or outside the scope of discovery. *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C. 1984). However, an objection based on vagueness is invalid when the spirit of the request is clear, even

if the language used is imprecise. *Doe v. District of Columbia*, 231 F.R.D. 27, 35 (D.D.C. 2005).

Federal Rule of Civil Procedure 33(b)(1)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." An "evasive or incomplete" answer is treated as a failure to answer when determining whether the discovering party is permitted to file a motion to compel. Fed. R. Civ. P. 37(a)(4). The party moving to compel discovery has the burden of proving that the opposing party's answers were incomplete. *Guantanamera Cigar Co. v. Corporation Habanos, S.A.*, 263 F.R.D. 1, 7 (D.D.C 2009) (citing *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007). The party objecting to an interrogatory has the burden of showing the interrogatory is overly broad or vague. *Chubb*, 103 F.R.D. at 59-60. Again, an objection based on vagueness is invalid when the spirit of the interrogatory is clear. *Doe v. District of Columbia*, 231 F.R.D at 35.

## III.   DISCUSSION

Plaintiffs move for an Order to compel Defendant to: (1) reproduce data in response to Plaintiffs' Request for Documents Nos. 1(a-l), 2, 3, and 4 in Excel or Access format; (2) produce data fully responsive to Plaintiffs' Requests for Documents Nos. 1(m)-(n), 6-9, 14, 16-18, and 22; and (3) respond fully to Interrogatories Nos. 2, 4-8, 13, 15, 16, and 19-20. (Mot. at 1-2.)

### A.   Reproduction of Data in Electronic Format

Since this motion was filed, Defendant reproduced its responses to Requests for Production of Documents Nos. 1(a-l), 2, 3 and 4 in the requested electronic format, except for Request No. 1(b)-(d). (Reply at 3.) Plaintiffs now request that Defendant supplement its responses to include information requested in Request No. 1(b)-(d): date of hire, position at hire, or starting salary. (*Id.* at 3.) Since Defendant was able to reproduce the other information in the

requested electronic format, it shall now supplement its response to include the information requested in Request No.1(b)-(d) in the same electronic format it reproduced the rest of the data.

### B.    Document Requests

Plaintiffs argue that Defendant has not produced data fully responsive to their Request for Production of Documents Nos. 1(m)-(n), 6-9, 14, 16-18 and 22.  (Mot. at 1.)

*Document Request 1(m)-(n)*.  Plaintiffs requested "electronic personnel data and data keys showing, for each person [Defendant has] employed in a full time, permanent position since January 1, 1999:  (m) employee applications (postings) for promotional or transfer positions; and (n) records of consideration for any postings."  (Pls.' Ex. 7 at 5-6.)  Defendant argues that these requests are overly broad and would encompass documents not relevant to Plaintiffs' allegations.  (Reply at 4-5; Pls.' Ex. 8 at 3.)  The liberal rules of discovery allow Plaintiffs to seek information "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. § 26(b)(1).  This request would certainly provide evidence that would be relevant to Plaintiffs' claims that the Library was discriminating on the basis of race in promotions and transfer.  However, this Court agrees that the request is overly broad, as it fails to narrow the request to a discrete subset of postings that would be relevant to Plaintiffs' class claims.

Defendant further argues that determining what documents qualify as "records of consideration," requested in No. 1(n) requires Defendant to speculate as to what documents Plaintiffs request. (Opp'n at 4-5; Pls.' Ex. 8 at 3.)  However, in Defendant's response to Plaintiffs' recent supplemental memorandum, Defendant acknowledges its awareness of "records of consideration" and even gives a few examples, such as "employee responses to 'knowledge, skills, and abilities' and the paper interview notes of interviewers."  (Def. Resp. to Pls.' Supp.

5

Mem. [188] at 6.) Thus, Defendant can no longer argue that it is unable to determine what documents qualify as "records of consideration." Therefore, Plaintiffs will have 10 business days from the date of this order to narrow the scope of "postings" to those that would be relevant to their class claims. In addition, Plaintiffs will provide a detailed explanation of how the narrowed request only encompasses postings that are relevant to the class claims. Once the request is narrowed, Defendant must produce copies of the documents requested for these postings and, where possible, produce them in a readable electronic format.

*Document Request 6.* Plaintiffs request "[r]ecords, in electronic format if available, of position descriptions for each job title or position that has separately defined duties and that has been filled by an incumbent employee for more than 6 months during the time from January 1, 1999 forward." (Pls.' Ex. 7 at 7.) Defendant argues that these requests are overly broad and the majority of the documents would encompass information not relevant to Plaintiffs' allegations. (Opp'n at 4-5; Pls.' Ex. 8 at 5.) This Court agrees with Defendant. Plaintiffs will have 10 business days from the date of this order to narrow the scope of "position descriptions" to those that would be relevant to their class claims. In addition, Plaintiffs will provide a detailed explanation of how the narrowed request only encompasses position descriptions that are relevant to the class claims. Once the request is narrowed, Defendants must produce copies of these position descriptions and, where possible, produce them in a readable electronic format.

*Document Request 7.* Plaintiffs request "records, in electronic format if available, of postings used to fill vacancies for which incumbent employees have been eligible to compete from January 1, 1999 forward, and records of selection criteria used (including criteria used to create best qualified lists and criteria for final selection if applicable)." (Pls.' Ex. 7 at 7.)

Defendant objects to this request as overly broad and unduly burdensome, as it fails to limit the search to documents pertaining to Plaintiffs' claims. (Opp'n at 5-6; Pls.' Ex. 8 at 6.) Information regarding vacancies for which employees were eligible to compete and selection criteria used to fill those positions is reasonably calculated to lead to admissible evidence. The Court agrees, however, that this request is overly broad, as it encompasses "postings" that would not be relevant to Plaintiffs' class claims. Plaintiffs will have 10 business days from the date of this order to narrow the scope of job postings to those that would be relevant to their class claims. In addition, Plaintiffs will provide a detailed explanation of how the narrowed request only encompasses job postings that are relevant to the class claims. Once the request is narrowed, Defendants must produce these job postings and records of selection criteria for each job posting and, where possible, produce them in a readable electronic format.

*Document Request 8.* Plaintiffs request "[r]ecords, in electronic format, if available, of reasons for selections, scores, best qualified lists and similar records of why individuals were selected for vacancies." (Pls.' Ex. 7 at 7.) Defendant objects to this request as overly broad, unduly burdensome, and not likely to lead to the discovery of relevant admissible evidence. (Opp'n at 5-6; Pls.' Ex. 8 at 6-7.) Defendant's records pertaining to selection procedures goes to the heart of Plaintiffs' case. However, Plaintiffs have again failed to narrow the request to vacancies that would be relevant to their class claims. Plaintiffs will have 10 business days from the date of this order to narrow the scope of "vacancies" to those that would be relevant to their class claims. In addition, Plaintiffs will provide a detailed explanation of how the narrowed request only encompasses vacancies that are relevant to the class claims. Once the request is narrowed, Defendants must produce the records of reasons for selections, scores, best qualified

lists, and similar records that show why individuals were selected for the identified vacancies and, where possible, produce them in a readable electronic format.

*Document Request* 9.  Plaintiffs request records or documents showing any racial or "minority group" impact analysis Defendant has conducted since January 1, 1999 with regard to selection procedures for positions for which incumbent employees have been eligible to compete. (Pls.' Ex. 7 at 7.)  Defendant has produced the Library's 2004 EEO report, which includes data from the Library's last EEO analysis.[1]  (Def.'s Resp. to Pls.' Supp. Mem. at 6-7 & n.3.)  Thus, no further documents need to be compelled.

*Document Request 14.*  Plaintiffs request information regarding tuition support Defendant has provided its employees.  (Pls.' Ex. 7 at 8.)  Defendant argues that this request is overly broad and unduly burdensome because it requests records regardless of whether Plaintiffs sought support or were eligible to receive support and fails to identify a specific time frame. (Opp'n at 5-6; Pls.' Ex. 8 at 9-10.)  This Court agrees that request is too broad to the extent it fails to identify a specific time frame and relevance to its class claims. However, this Court will allow Plaintiffs 10 business days from the date of this order to narrow the request by identifying a specific time frame that is relevant to their class claims and by identifying which Plaintiffs sought or were eligible for tuition reimbursement.  Once the request is narrowed, Defendants must produce these

---

[1]  In 1994, a settlement agreement was entered into between a group of African America Library of Congress employees and the Library "to correct the racially discriminatory employment practices of the Library."  *See Cook v. Billington*, No. 82-0400, 2003 WL 24868169, at *1 (D.D.C. Sept. 8, 2003).  That agreement and the accompanying oversight period expired on December 1, 2002.  *Id.*  Within a few years of the settlement agreement's expiration, the Library stopped publishing statistical reports regarding the racial composition of its workforce and the impact of its selection processes on African-American employees.  (*See* Report & Recommendation [162] at 3.)

documents and, where possible, produce them in a readable electronic format.

*Document Request 16.* Plaintiffs request data on "the number of employees first employed by the Defendant who were classified into each series by EEO Category, and those employees first employed by [Defendant] each such fiscal year into each other series by EEO Category, and provide the number and name of each series used at any time by the Defendant in those Fiscal years by EEO Category" since1999. (Pls.' Ex. 7 at 9.) Defendant objects that this request is overly broad and vague. Defendant claims it does not understand what information Plaintiffs seek or what "the number of employees first employed by the Defendant" means. (Opp'n at 6; Pls.' Ex. 8 at 10.) This Court agrees with Defendant that this document request is vague and difficult to understand, to the point of being unintelligible. Thus, no documents are required to be produced.

*Document Request 17.* Plaintiffs request personnel documents relating to the claims of the ten Named Plaintiffs, including their performance ratings, disciplinary history, and claims of discrimination. Defendant has already produced documents relating to the named Plaintiffs, including their Official Personnel Files, performance evaluation files, and disciplinary records, where relevant. (Pls.' Ex. 8 at 11.) Defendant has further asserted it cannot produce documents relating to the claims of the Plaintiffs because it does not yet fully understand those claims. (*Id*.) The Court finds Defendant has adequately responded to this document request. Thus, no further documents need to be produced.

*Document Request 18.* Plaintiffs request records relating to "job-related training" offered to employees anytime since January 1, 1999, including information about employees who attended and who received a promotion within one year of the training. (Pls.' Ex. 7 at 9.)

Defendant argues that the request is overly broad and burdensome because it fails to identify which types of training Plaintiffs were eligible to receive or whether they sought training. (Opp'n at 5; Pls.' Ex. 8 at 11.)  Furthermore, Defendant argues "job-related training" is too vague, and likely to encompass employee-related training irrelevant to Plaintiffs' claims.  (*Id.*) This Court agrees that the request is overly broad and unduly burdensome.  This Court has difficulty seeing how this request could be narrowed or tailored to Plaintiffs' class claims.  Thus, no documents are required to be produced.

*Document Request 22.*  Plaintiffs requests "records of incentive awards offered to a Library Employee as defined in Library of Congress Regulation 2017-3, by name of each award, by EEO category, by grade level and by SER for each fiscal year."  (Pls.' Ex. 7 at 10.)  Defendant objects to this request as overly broad and unduly burdensome, and further asserts that it provided data on incentive awards to Plaintiffs in 2006. (Opp'n 5-6; Pls.' Ex. 8 at 13.)  Since Defendant produced this data in 2006, it cannot be unduly burdensome for Defendant to supplement this production with information up to May 20, 2009.  Defendant is ordered to supplement the 2006 production of documents made in response to this request and, where possible, in an electronic readable format.

### C.     Interrogatories

Plaintiffs request Defendant supplement its responses to Interrogatories Nos. 2, 4-8, 13, 15, 16, and 19-20.  (Mem. in Supp. of Mot. to Compel at 2.)  Plaintiffs argue that Defendant neither fully responded to these Interrogatories nor specifically showed that the Interrogatories were burdensome, irrelevant, vague, overly broad, or outside the scope of discovery.  (*Id.* at 11.) Defendant argues that these requests are overly broad and unlikely to lead to the discovery of

admissible evidence. (Opp'n at 6-7.)

*Interrogatory 2.*  Interrogatory 2 asks Defendant to identify "every selection procedure for employment and promotion and demotion for which [Defendant has] conducted job analysis and/or validity studies." (Pls.' Ex. 9 at 4.)  In its response, Defendant objects that the interrogatory is vague inasmuch as it does not understand the term "validity studies." (Pls.' Ex. 10 at 2; Pls.' Ex. 11 at 2-3.)  However, without waiving that objection Defendant describes how it classifies positions, how it identifies competencies necessary to perform the duties of the position, and how it measures levels of proficiencies in those competencies. (*Id.*)  Defendant further describes who makes these decisions (*Id.*)  This Court finds Defendant's responses to be complete.  No further information needs to be compelled.

*Interrogatory 4.*  Plaintiffs request the identities of the Library's employees or former employees with knowledge about the Defendant's "efforts to comply with a consent decree or consent agreements entered or in force since January 1, 1999." (Pls.' Ex. 9 at 4.)  Defendant argues that this Interrogatory is vague as to which consent decree or consent agreements Plaintiffs are referring. (Pls.' Ex. 10 at 3.)  This Court disagrees.  Plaintiffs clearly refer to *any* consent decrees or agreements entered or in effect since January 1, 1999.  However, Defendant also objects that Interrogatory 4 is overly broad and unduly burdensome. (*Id.*)   This Court agrees with Defendant on this point.  Plaintiffs seek the identity of *any* employee or former employee "with knowledge" of the Library's efforts to comply with *any* consent decree or agreement in effect since 1999.  Without identifying the scope or breadth of the "knowledge," the interrogatory is too broad and would encompass information not likely to lead to the discovery of admissible evidence.  Furthermore, the efforts it would require on the Library's part to identify "any

11

employee or former employee with knowledge" of the enforcement efforts with respect to any consent decree or agreements is too burdensome.  Defendant's objection to Interrogatory 4 is sustained, and no information needs to be compelled.

*Interrogatories 5 and 20.*  Interrogatories 5 and 20 seek information about Library employees with knowledge about the facts or claims alleged in the Complaint. (Pls.' Ex. 9 at 3, 11.)  This Court finds that Defendant adequately responded to these Interrogatories when it stated it was "not aware" of any employees or former employees with knowledge of the facts alleged in Plaintiffs' Complaint. (*Id.* at 4, 11.)  Moreover, it is unrealistic to expect Defendant to poll each employee and to track down former employees to identify anyone who has knowledge about this case.  It is Plaintiffs' responsibility to identify these individuals.  Thus, no further information needs to be compelled.

*Interrogatory 6.*  Interrogatory 6 seeks information regarding the types of incentive for advancement offered by the Library to employees since January 1, 1999.  (Pls.' Ex. 9 at 5.)  Defendant objects to this interrogatory on grounds that it is vague inasmuch as it does not understand the term "incentive for advancement."  (Pls.' Ex. 10 at 4.)  However, Defendant sought and received on July 24, 2009, clarification from Plaintiffs as to the meaning of "incentive for advancement." (Pls.' Ex. 2 at 2.)  Moreover, Defendant provided Plaintiffs with the requested data in 2006 and, therefore, understands what information Plaintiffs seek. (Pls.' Ex. 11 at 4.)  This Court finds that because Plaintiffs have clarified the meaning of the interrogatory and Defendant has compiled such information in the past, it must be compelled to answer and supplement the interrogatory with information up to May 20, 2009.

*Interrogatory 7.*  Interrogatory 7 asks Defendant to identify practices, standards,

qualifications, or requirements it uses to classify its employees. (Pls.' Ex. 9 at 5.)  This Court finds that Defendant completely answered the interrogatory by describing the position classification standards established by the Office of Personnel Management, to which Defendant adheres (Pls.' Ex. 10 at 4-5), and thus satisfies the standard set forth in the Federal Rules.  No further information needs to be compelled.

*Interrogatory 8.*  Interrogatory 8 requests Defendant to identify "rates of promotion" for minority employees and Caucasian employees, including instances where minority employees were denied promotions.  (Pls.' Ex. 9 at 5.)  Although Defendant claims it cannot respond to the interrogatory because the phrase "rates of promotion" is unclear (Pls.' Ex. 10 at 6), Plaintiffs clarified this phrase in a letter dated July 24, 2009. (Pls.' Ex. 2 at 2.)  In light of Plaintiffs' clarification, Defendant must respond to Interrogatory 8.

*Interrogatory 13.*  Interrogatory 13 asks whether Defendant considers work experience as a surrogate for educational attainment.  (Pls.' Ex. 9 at 6.)  This Court finds that Defendant fully responded when it said it only uses work experience as a surrogate for educational attainment where permitted under OPM position classification standards.  (Pls.' Ex. 10 at 8; Pls.' Ex. 11 at 6.)  Defendant's response fully and completely answers Interrogatory 13, and no further information needs to be compelled.

*Interrogatory 15.*  Interrogatory 15 seeks information regarding any validity study for any position for which Defendant requires any educational attainment for that position and/or promotion. (Pls.' Ex. 9 at 6.)  Defendant claims it does not understand the term "validity study" and, thus, cannot respond. (Pls.' Ex. 10 at 9.)  Because Plaintiffs defined "validity study" in a letter dated July 24, 2009 (Pls.' Ex. 2 at 1-2), Defendant must now respond using the definition

13

Plaintiffs provided.

*Interrogatory 16.* Interrogatory 16 asks Defendant to identify any study that has been conducted as to whether the Library's use of an educational attainment requirement has had an adverse impact against black employees with respect to promotions. (Pls.' Ex. 9 at 6.) Defendant's response indicates that it is not aware of any such study. (Pls.' Ex. 11 at 6-7.) Defendant's response directly answers Interrogatory 16, and no further information needs to be compelled.

*Interrogatory 19.* Plaintiffs request information regarding contract employees Defendant hired by EEO category, and whether each employee was eventually hired as a full time employee. (Pls.' Ex. 9 at 7.) Defendant responded that it did not start maintaining records of contractors hired by EEO category until April 2009, and since that date, no contractors have elected to identify themselves by race. (Pls.' Ex. 11 at 10.) This Court finds Defendant's answer to be complete, and no further information needs to be compelled.

    **D.**    **Applicant Flow Data**

This Court recently ordered supplemental briefing on the question of whether Plaintiffs' document requests or interrogatories sought "applicant flow data." Applicant flow data, as defined by Plaintiffs, consists of examining differences in selection rates among different groups (primarily by race) at different stages of the promotion or hiring process for a particular position. (Pls.' Supp. Mem. at 1-2.) In their supplemental memorandum, Plaintiffs admit that "no single interrogatory or request for production specifically asked for" applicant flow data. (*Id.* at 4.) Plaintiffs cite to a handful of document requests and interrogatories and argue that when read together, it becomes apparent they were seeking applicant flow data. (*Id.* at 4-8.)

This Court agrees with Defendant that Defendant was not required to go through an analysis of multiple interrogatories and document production requests to "glean from these aggregated requests" that Plaintiffs were really seeking applicant flow data. (*See* Def. Resp. to Pls.' Supp. Mem. at 1-2.) The law does not require parties to undertake such an exercise in responding to discovery requests. In particular, despite Plaintiffs' urging for the first time in their Reply to the Motion to Compel, Document Request No. 1(m)-(n) – "(m) employee applications (postings) for promotional or transfer positions; and (n) records of consideration for any postings" – can in no way be interpreted as a request for applicant flow data. Nothing in that request indicates that Plaintiffs are seeking aggregate data on employee hiring or promotion by race. In fact, as Defendant points out, race cannot be considered in making employment selections, and therefore the identity of an applicant's race would not be part of any "records of consideration." (*See id.* at 6-7.) The only request this Court finds similar to a request for applicant flow data is Interrogatory No. 8. This Court has ordered Defendant to produce data in response to Interrogatory No. 8 (*see supra* at III.C), but Defendant is not required to produce any other applicant flow data beyond what might be specifically responsive to that interrogatory.

**IV.   CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff's Motion to Compel Discovery should be granted in part and denied in part. It is this <u>28th</u> day of May, 2010, hereby

**ORDERED** that within 10 business days of the date of this Order, Defendant shall produce in the requested electronic format data in response to Request for Production of Documents No. 1(b)-(d); and it is further

**ORDERED** that within 10 business days of the date of this Order, Plaintiffs shall narrow

the scope of their Requests for Production of Documents Nos. 1(m)-(n), 6, 7, 8, and 14 and provide a detailed explanation for the relevance of each narrowed request in accordance with this Court's findings; and it is further

**ORDERED** that within 10 business days of receiving clarification from Plaintiffs on the scope of the above document requests, Defendant must produce documents responsive to Requests for Production of Documents Nos. 1(m)-(n), 6, 7, 8, and 14; and it is further

**ORDERED** that within 10 business days of the date of this Order, Defendant is required to respond to Plaintiffs' Request for Production of Documents No. 22, and Plaintiffs' Interrogatories Nos. 6, 8, and 15; and it is further

**ORDERED** that Plaintiffs' request to compel production of documents as to Request Nos. 10, 16, 17, and 18, and their request to compel responses to Interrogatory Nos. 2, 4, 5, 7, 13, 16, 19, and 20 are **denied**.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE