# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| Christine Mills *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 04-cv-2205 (FJS-AK) |
| v. ) | |
| ) | |
| James Billington, Librarian, ) | |
| Library of Congress, ) | |
| ) | |
| Defendant. ) | |

_____)

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Plaintiffs, by and through counsel, submit this memorandum of law in support of

Plaintiffs' motion, pursuant to Local Rule 23(1) and Rule 23(b)(3) of the Federal Rules of Civil

Procedure as recently interpreted by the Supreme Court in *Wal-Mart v. Dukes*, 131 S.Ct. 2541

(2011), to certify this lawsuit as a class action.  The substantial grounds upon which this motion

is based are set forth in the supporting memorandum and tendered contemporaneously herewith.

## ARGUMENT

This consolidated case is well-suited for class treatment.  "A principal purpose of class

certification is to save the resources of both the courts and the parties by permitting an issue

potentially affecting every class member to be litigated in an economical manner." *Thorpe v.*

*District of Columbia*, 2014 WL 1273134 (D.D.C. 2014) (citing *General Tel. Co. v. Falcon,* 457

U.S. 147, 155 (1982)).The standard for certifying class actions is set out in Rule 23 of the

Federal Rules of Civil Procedure.  Under Rule 23(a), Plaintiffs must demonstrate that

> (1) the class is so numerous that joinder of all members is
> impracticable [numerosity];
> (2) there are questions of law or fact common to the class
> [commonality];

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality]; and
(4) the representative parties will fairly and adequately protect the interests of the class [adequacy].

Fed. R. Civ. P. 23(a)(1)-(4). "The party requesting class certification under Rule 23 bears the burden of showing the existence of a class, that all prerequisites of Rule 23(a) are satisfied." *Thorpe*, 2014 WL 1273134, at 20 (citing *Bynum v. District of Columbia,* 214 F.R.D. 27, 30–31 (D.D.C. 2003) (citations omitted); *Johnson v. District of Columbia,* 248 F.R.D. 46, 51 (D.D.C. 2008)); *see also Wal-Mart*, 131 S. Ct. at 255 ("A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23]."). Plaintiffs must also meet one of the bases set forth in Rule 23(b). *Thorpe*, 2014 WL 1273134, at 20. In this case, Plaintiffs request class certification of a Fed. R. Civ. P. 23(b)(2) which applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Because here the Plaintiffs meet the four requirements laid out by Rule 23(1)-(4), and fit the "type" under Rule 23(b)(2), Plaintiffs respectfully request that this court grant their Motion for Class Certification.

In this case, the Plaintiffs meet each requirement because each plaintiff and each putative class member suffered the same adverse employment action and were harmed in the same manner. Furthermore, the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiffs' claim. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982); *Hartman v. Duffey*, 19 F.3d 1459, 1473 (D.C. Cir. 1994); *accord Wagner v. Taylor*, 836 F.2d 578, 589 (D.C. Cir. 1987).

In determining whether to certify a class, the court should not consider the underlying merits of the plaintiff's claims. *Thorpe*, 2014 WL 1273134, at 20 ("'Rule 23 grants courts no

license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.'") (citing *DL v. District of Columbia,* 713 F.3d 120, 125–26 (D.C.Cir.2013) (quoting *Amgen Inc. v. Conn. Ret. Plans & Trust Funds,* 133 S.Ct. 1184, (2013)).  For purposes of class certification, the court accepts as true the allegations set forth in the complaint. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974)).  Finally, "[w]hen a court is in doubt as to whether to certify a class action, it should err in favor of allowing a class." *Id.* (citation omitted).  Plaintiffs have satisfied the prerequisites for class certification.

I.     **PLAINTIFFS SATISFY EACH REQUIREMENT OF LOCAL RULE 23 AND FED. R. CIV. P. RULE 23(1)–(4), AS RECENTLY INTERPRETED BY THE SUPREME COURT IN *WAL-MART V. DUKES***

a.     *Numerosity*

There is no bright line rule or threshold that exists in determining whether the numerosity requirement has been met.  Each case should be evaluated on a case-by-case basis.  *General Telephone Co. v. E.E.O.C.*, 446 U.S. 318, 330, 100 S.Ct. 1698 (1980).  There are now ten (10) plaintiffs in *Mills*. The joining of the plaintiffs is impracticable and therefore a class should be certified in this case.

b.     *Commonality*

Plaintiffs have also established "questions of law or fact common to the class" under Fed. R. Civ. P. 23(a)(2), consistent with the recent Supreme Court case of *Wal-Mart v. Dukes*. In *Wal-Mart*, the Supreme Court indicated that the *Wal-Mart* plaintiffs failed to meet the commonality requirement for class certification because they failed to prove that the broad discretion in promotion and hiring decisions afforded to regional supervisors in stores across the country

amounted to a unified "policy." *Wal-Mart v. Dukes*, 131 S.Ct. at 2549, 2554. While the plaintiffs in the *Wal-Mart* case failed to demonstrate "significant proof that Wal–Mart operated under a general policy of discrimination," *Id.* at 2554 (citations omitted), the *Mills* plaintiffs in this case indicate a common injury by a common employer, through a common director, James Billington, in a common location, the Library of Congress. All ten (10) Plaintiffs: (a) worked at the Library of Congress in the same location in Washington, D.C.; and (b) were governed by the same plan and procedures set in place by the Library of Congress. Here, the fatal flaw identified by the Court in *Wal-Mart* does not exist, and the commonality requirement is met. Furthermore, the "glue" in this case is the one common question of whether the Defendant acted in a manner that disproportionately refused promotion to African-American employees.

Particularly with respect to claims of the Plaintiffs and the putative class members under the disparate impact (or adverse impact) in violation of Title VII and the Human Rights Act that each employee that was refused promotion incurred discrimination due to race, it makes far more sense to try these common questions together on a class basis. This Court has noted that Rule 23(a)(2) "does not require that 'every issue of law or fact be the same for each class member' . . . . Rather, '[t]he commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.'" *Taylor*, 241 F.R.D. at 37. Moreover, the commonality requirement is "often easily met." *Id.* (citation omitted). The pleadings and record clearly demonstrate at least one common question of fact and law for the class, so that commonality is satisfied.

Plaintiffs need only raise a common *question* of fact and law. Discovery in this case has not yet been completed. To date, Plaintiffs have obtained a cost estimate for obtaining employment data from Avue, the company that kept employee records for the Library of

Congress. The Plaintiffs believe that Title VII and the valid regulations and the case law confirm that the practices of the Defendant had a discriminatory impact against African-American employees of the Library of Congress.  The failure to maintain control of the records gives us the inference that the practices were unlawful.

The answers of fact and law to the common questions can be resolved on the merits only after discovery has been completed and some of the issues may not be completed until the jury or other fact finder has ruled.

      c.      *Typicality*

The Supreme Court noted in *Falcon* that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 157, n.13 (1982). Plaintiffs' claims in this case are typical of the class as a whole. Each plaintiff is African-American. Each plaintiff suffered the same injury, namely a denial and/or delay in promotion and assignments.  For "each class member's claim would arise from the same course of events that led to the claims of the representative parties, and each class member would make similar legal arguments to prove the defendant's liability." Rule 23(a)(3)'s typicality requirement is readily met in this case.

      D.      *Adequacy*

Finally, undersigned attorney is able to satisfy Rule 23(a)(d)'s requirement that he will "fairly and adequately protect the interests of the class." The attorney's experience and achievements are set forth herein.

The proposed class only includes non-supervisory employees, so there is no potential for a conflict of interests between supervisory and non-supervisory former employees. Nor is there any other discernible conflict of interest between Plaintiffs and class members – they all incurred

the same injury, and they all seek, like each class member, either reinstatement or an award of back pay. Moreover, the named plaintiffs will make every effort to "vigorously prosecute" the interests of the unnamed class members. *Twelve John Does v. Dist. of Columbia*, 717 F.3d 571, 575 (D.C. Cir.1997).

Undersigned counsel is also well-qualified to represent the class members' interests. Rose Advocate for Civil Rights is currently co-class counsel in *Taylor, et al. v. Barnhart*, EEOC No. 120-2003-0304X, a Title VII race discrimination case before an administrative judge of the EEOC involving more than 500 African-American women. The firm has also served as class counsel in the *Aliotta* case, which also involved a RIF by a government agency. Attorney David Rose was the lead attorney class counsel in *NAACP et al.  v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464 (3d Cir. 2011), a Title VII disparate impact case asserting that the defendant's municipal residency requirement has an adverse impact on hundreds of African-American firefighter candidates residing outside North Hudson's five municipalities. The attorney has the experience needed to prosecute the disparate treatment and disparate impact claims in this case.

The "likely difficulties in managing a class action," favors a class action. The modest size of this class reduces the likelihood of any difficulties as the class action proceeds. Moreover, Plaintiffs and the undersigned attorney have the experience and capability to take charge of class-wide notices, trial preparation, and other aspects of litigation.

## II.    PLAINTIFFS SEEK RELIEF UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 23(b)(2)

Plaintiffs and the members of the putative class will seek the same declaratory and injunctive relief, including a declaration that the Defendant's practices had a discriminatory adverse impact in prohibiting any further discrimination against African-American employees. Furthermore, the Plaintiffs and members of the putative class will seek "make whole" relief in

the form of reinstatement and loss of income and benefits. A Rule 23(b)(2) class is therefore appropriate, as Plaintiffs allege the Library of Congress "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2). The 1966 Advisory Committee Notes to Rule 23(b)(2) state that "civil-rights actions" are "illustrative," and the category of race is within this umbrella.

This Court has noted that "[a]n inquiry into whether the defendant acted on grounds generally applicable to the 23(b)(2) class is often considered to be encompassed by the commonality requirement of Rule 23(a)." *Taylor*, 241 F.R.D. at 47, n.17. Plaintiffs have established a common question of law and fact, as noted above.

For the reasons set forth above and based upon the pleadings and the record, this Court should enter an order granting the Motion for Class Certification.

## III.   DISCOVERY IS NOT NECESSARY PRIOR TO CLASS CERTIFICATION IN THIS CASE

> *a.   Sufficient facts are already before the Court to make an appropriate assessment regarding class certification*

Plaintiffs have already presented to this Court substantial evidence supporting class certification. While "[r]eviewing the complaint alone is not normally a suitable method for determining whether a class eventually can be certified," *Coll. of Dental Surgeons of Puerto Rico v. Connecticut Gen. Life Ins. Co*., 585 F.3d 33 (1st Cir. 2009), the Court may review facts before it – including exhibits and declarations like those submitted by plaintiffs here – and make decisions about class certification even outside the formal discovery process. *Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402, 418 (6th Cir. 2012) (finding court's review of affidavits and exhibits a sufficient basis for its certification of a class).

Plaintiffs' exhibits support their motion for class certification by providing the required evidence that they meet the conditions for class certification.  The evidence before the Court is sufficient to support plaintiffs' motion for class certification.

> b.   *Wal-Mart preserves courts' autonomy to determine the extent of inquiry necessary prior to class certification*

While *Wal-Mart* reminds courts and litigants that "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.," 131 S.Ct. at 2551, this is not a new requirement.  "Rigorous analysis" of the basis for petitions for class certification has been required for decades.  *Id.* (*quoting Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160 (1982).)  As in the past, the scope of evidence required by a court prior to certification will vary depending on the specific circumstances.  *See Connor B.*, 278 F.R.D. at 33 ("The court remains convinced that, while a preliminary evidentiary hearing may be required before certifying some class actions, it is not required in this case.").  As the First Circuit explained in *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, it is clear that some level of inquiry into the merits of the claims is permissible and appropriate where class criteria and merits overlap, but the extent of the inquiry that is required is fact dependent and relates to the types of claims at issue.  522 F.3d 6, 24-26 (1st Cir. 2008).  Where, unlike here, there is a "novel theory of legally cognizable injury," the inquiry into the facts prior to class certification will be "searching." *Id.* at 25.  In contrast, here, where the claim is not novel, the Court may certify the class after determining that plaintiffs have proved the necessary elements of Fed. R. Civ. P. 23(a).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should grant the Plaintiff's

Motion for Class Certification.

Respectfully submitted,


_____

David L. Rose
Rose Advocate for Civil Rights, LLC
4611 Norwood Dr.
Chevy Chase, Md.
202 769-5860
Attorney for the Plaintiffs
daver@roselawyers.com

April 25, 2014