**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**
_____

**CHRISTINE MILLS, RUNAKO BALONDEMU,
GERALDINE DUNCAN, PRISCILLA IJEOMAH,
LAWRENCE PERRY, WILLIAM ROWLAND,
DAVID HUBBARD, CLIFTON KNIGHT,
SHARON TAYLOR, and CHARLES MWALIMU,
both individually and on behalf of a class of others
similarly situated,**

                      **Plaintiffs,**

                      **v.**                                        **1:04-CV-2205
                                                                              (FJS)**

**JAMES H. BILLINGTON, Librarian of
Library of Congress,**

                      **Defendant.**
_____

**APPEARANCES**                                          **OF COUNSEL**

**CLARK LAW GROUP, PLLC**                **DENISE MARIE CLARK, ESQ.**
1250 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20036
Attorneys for Plaintiffs

**OFFICE OF THE UNITED**                 **JASON TODD COHEN, AUSA**
**STATES ATTORNEY**
555 Fourth Street, NW
Washington, D.C. 20530
Attorneys for Defendant

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Pending before the Court is Plaintiffs' motion for reconsideration of the Court's March 30,

2016 Order, *see* Dkt. No. 277, and the March 31, 2016 judgement, *see* Dkt. No. 278, that the Clerk

of the Court entered in compliance with that Order. *See* Dkt. No. 279. Defendant opposes the motion. *See* Dkt. No. 280.

## II. DISCUSSION[1]

**A.     Standard of review**

A party may move to alter or amend a judgment under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b). Under Rule 59(e), a party must file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under Rule 60(c), a party must file "[a] motion under Rule 60(b) . . . within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c).

Defendant acknowledges that, under either Rule 59 or Rule 60, Plaintiffs filed their motion for reconsideration within the required time frame. The parties' disagreement, however, relates to whether Plaintiffs have met the other requirements that would warrant this Court granting their motion for reconsideration. As the District of Columbia Circuit noted in *Dyson v. Dist. of Columbia*, 710 F.3d 415 (D.C. Cir. 2013), "'[a] Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* at 420 (quoting *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004)).

---

[1] The Court assumes the parties' familiarity with the facts of this case.

**B.  Analysis**

The facts of this case fall somewhere between the circumstances that existed in *Norris v. Salazar*, 277 F.R.D. 22 (D.D.C. 2011), and *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310 (D.C. Cir. 1986), the two cases that Defendant cites in opposition to Plaintiffs' motion.  In this case, Plaintiffs' counsel did not file any opposition to Defendant's motion to dismiss until after the Courtroom Deputy Clerk had telephoned him twice to find out whether he intended to do so. Eventually, Plaintiffs' counsel filed a memorandum of law in opposition to Defendant's motion; but, as the Court noted in its March 30, 2016 Order granting Defendant's motion,

> [n]ot only was this memorandum untimely but it cited no law, nor provided any record-supported facts, to support Plaintiffs' position that the Court should not grant Defendant's motion.  In addition, at oral argument, Plaintiffs' counsel provided no valid excuse for his failure to respond to Defendant's motion within the required time frame.

*See* Dkt. No. 277 at 2 n.1.

### *1. Plaintiffs' motion to certify a class*

Rule 23 of the Federal Rules of Civil Procedure governs class certification.  Under Rule 23(a), a plaintiff who seeks class certification must demonstrate that (1) "the class is so numerous that joinder of all members is impracticable;" (2) "there are questions of law or fact common to the class;" (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class;" and (4) "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  In addition, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b).  *See* Fed. R. Civ. P. 23(b).  In this case, Plaintiffs rely on Rule 23(b)(2), which provides that "[a] class action may be maintained if Rule 23(a) is satisfied and if . . .

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]"  Fed. R. Civ. P. 23(b)(2).

At the proceeding at which the parties addressed this motion, the Court noted that *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), foreclosed Plaintiffs from relying on Rule 23(b)(2) to certify their class because they were seeking monetary relief in the form of back pay.  Based on the holding in *Wal-Mart*, as well as the Court's conclusion that Plaintiffs could not meet the requirements for class certification under Rule 23(a), the Court denied Plaintiffs' motion for class certification.

Nothing has changed since oral argument to warrant revisiting this issue.  Plaintiffs still cannot satisfy the requirements of Rule 23(a); and, in addition, *Wal-Mart* still controls and forecloses Plaintiffs from relying on Rule 23(b)(2) as a basis for certifying their class.  Therefore, the Court denies Plaintiffs' motion for reconsideration insofar as that motion seeks to reopen the case so that Plaintiffs can reargue their motion for class certification.

### *2. Defendant's motion to dismiss or, in the alternative, for summary judgment*

Whether the Court should grant Plaintiffs' motion for reconsideration and vacate the judgment to allow Plaintiffs to oppose Defendant's motion to dismiss or, in the alternative, for summary judgment presents a close question.  First, there seems to be little doubt that, at least since 2014, if not before, Plaintiffs' counsel has suffered from a serious medical condition, which has prevented him from adequately representing Plaintiffs in this case.  Plaintiffs, through no fault of their own, suffered from their counsel's decreased mental state, which ultimately resulted in the

Court's dismissal of their case. Moreover, although the Court did entertain the parties' arguments regarding Defendant's motion to dismiss, the Court, ultimately, granted Defendant's motion based not on the merits but, rather, on the fact that, because Plaintiffs did not file a memorandum of law in opposition to Defendant's motion within the prescribed time frame, the Court deemed Defendant's motion conceded. *See* Dkt. No. 277 at 2 (citing Local Civil Rule 7(b)) (footnote omitted).

Given the extraordinary circumstances of this case, despite Defendant's argument to the contrary, the Court finds that this case is more similar to *Norris v. Salazar*, 277 F.R.D. 22 (D.D.C. 2011), than *Lepkowski v. United States Dep't of Treasury*, 804 F.2d 1310 (D.C. Cir. 1986). In *Norris*, the plaintiff, proceeding *pro se*, moved, pursuant to Rule 60(b), for reconsideration of an order in which the court had granted, as conceded, the defendant's motion to dismiss and the judgment entered in the defendant's favor. *See Norris*, 277 F.R.D. at 23. To support her motion, the plaintiff "explain[ed] that she first learned of the defendant's motion to dismiss at the same time she learned that motion had been granted due to her former counsel's inexplicable failure to respond." *See id.* (citation omitted).

In addressing the plaintiff's motion, the *Norris* court began by noting that "[t]he requisite 'extraordinary circumstances' under Rule 60(b)(6) may be found when a faultless plaintiff seeks relief from a final judgment or order due to counsel's ineffective assistance amounting to neglect of the movant's case." *Id.* at 25 (citing *Peter B. v. U.S.*, No. 05-2189, 2006 WL 2038512, at *1-2 (D.D.C. Jul. 19, 2006)). The court reasoned that, although

> Rule 60(b)(6) may not be used to relieve a party from the
> consequences of improvident strategic decisions or "free, calculated,
> deliberate choices," *Ackermann*, 340 U.S. at 198, 71 S. Ct. 209, . . . no
> strategy or deliberate choice appears to have been made [regarding
> whether or not to file opposition to the motion to dismiss]. Rather,
> the plaintiff and her local counsel of record cite inadequate draft work

> product and apparent failed communications between local counsel
> and retained counsel as the reason for failure to file a response to the
> defendant's motion.

*Id.* at 26-27.

In addition, although the court acknowledged that the defendant had correctly stated that the party moving for reconsideration has the burden to show that she has a meritorious claim, the court, nonetheless, found that "this factor generally applies when the court has exercised the opportunity to review the merits of the case." *Id.* at 27 (citing *Lepkowski v. United States Dep't of Treasury*, 804 F.2d 1310, 1314 n.4 (D.C. Cir. 1986)) (other citation omitted). The court contrasted the circumstances it was considering with the situation in *Lepkowski*, where the court had "granted the defendant's motion to dismiss as conceded before reaching the merits of plaintiff's claims or arguments potentially available to her in opposition to the defendant's motion." *Id.* The court also noted that "[r]esolution on the merits is preferable to a judgment by default and, therefore, courts should liberally allow relief under Rule 60(b), as a 'corrective remedy, mitigating the harsh impact of calendar rules when a litigant's action is dismissed as a result of counsel's neglect.'" *Id.* (quoting *Butler v. Pearson*, 636 F.2d 526, 530 (D.C. Cir. 1980)) (citing *Pulliam v. Pulliam*, 478 F.2d 935, 936 (D.C. Cir. 1973) (Rule 60(b) relief should be liberally allowed to mitigate the impact of counsel's neglect)) (other citations omitted).

Finally, with regard to the issue of whether there would be any prejudice to the defendant should the court grant the plaintiff's motion, the court found that, "[g]iven the nature of the claim here as well as the relatively few months that have passed since the April 13, 2011 Order of dismissal, no prejudice could be shown." *Id.* The court noted that, "[i]n similar circumstances involving a counsel's failure to file timely responses to interrogatories or to notify the court of

difficulties in complying with deadlines, a movant who had not 'personally misbehaved,' and an opponent that had 'not been harmed,' the D.C. Circuit in *Butler v. Pearson* reversed the district court's denial of the plaintiffs' motion for reinstatement of the case." *Id.* (quoting [*Butler*,] 636 F.2d at 531). For all these reasons, the *Norris* court granted the plaintiff's motion for reconsideration, reinstated the case, and provided the plaintiff with thirty days in which to file opposition to the defendant's pending motion to dismiss. *See id.* at 28.

Although the court in *Lepkowski* reached the opposite result, the facts were distinguishable from the facts in *Norris*. In that case, the D.C. Circuit was considering an appeal from the district court's denial of a motion for reconsideration under Rule 60(b)(1). *See Lepkowski*, 804 F.2d at 1311. The district court had dismissed the underlying action because of the plaintiff's protracted failure to file any opposition to the defendant's motion to dismiss. *See id.* In support of the plaintiff's motion for reconsideration, his counsel argued before the district court that the failure to file a timely response to the motion to dismiss was excusable neglect under Rule 60(b)(1). *See id.* (footnote omitted). The district court disagreed. *See id.* at 1311-12.

The D.C. Circuit explained that, after several telephone calls between the plaintiff's counsel and court personnel regarding the failure to file any opposition to the defendant's motion, the district court finally set a hearing three months after the defendant had filed the motion. *See id.* at 1312. The D.C. Circuit noted that

> [n]o opposition ever having been received, no explanation for the delay ever having been provided, and no tenable defense to the statute of limitations defense having been interposed, the District Court treated the motion to dismiss as conceded under Local Rule 1-9(d) and dismissed the complaint with prejudice.

*Id.* (citation omitted).

Approximately 1.5 months later, the plaintiff's counsel filed a motion for reconsideration, contending that "his failure to file an opposition had been 'unintentional and inexplicable,' . . . the result of 'law office failure.'" *Id.* at 1312-13 (quotation omitted). At the hearing, the plaintiff's counsel did not appear but instead retained local counsel to argue the motion. *See id.* at 1313. Local counsel

> offered argument on the underlying merits of [the plaintiff's] cause of action, . . ., and on the reasons for the *post*-dismissal delay in seeking reconsideration, . . ., but never advanced any explanation for [the plaintiff's counsel's] neglect, as sole counsel of record, to file any response to the dismissal motion, other than to observe that "[h]e is a busy lawyer, who had an associate who was assigned to the case." . . .

*Id.* (internal quotation and citations omitted).

The D.C. Circuit noted, among other things, that,

> [a]lthough counsel was aware of his own default throughout the entire period, and indeed received repeated notice to that effect from the court, he failed to exert the minimal effort which would have cured his omission. [Counsel] readily concedes that the failure to respond was strictly due to the neglect of his office, yet he claims that his lack of attention in this matter was excusable. The only "excuse" offered, however, has been the reiteration of the protracted derelictions of counsel. Not a word of explanation nor a justification for the manifest negligence in this chronicle of events has been forthcoming.

*Id.*

Finally, the D.C. Circuit stated that, because "motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense[,] [the court] cannot escape the fact that the complaint and the proposed opposition were insufficient as a matter of law to defeat the motion on the statute of limitations ground." *Id.* at 1314 (footnote omitted). For all these reasons, the D.C. Circuit concluded that the district court had not abused its discretion in denying the plaintiff's motion to reopen the judgment and, therefore, affirmed that judgment. *See*

*id.* at 1314-15.

*Lepkowski* is distinguishable from this case in several important ways. First, unlike the plaintiff in *Lepkowski*, once Plaintiffs became aware of their counsel's problems, they tried to assist him with their case, questioned him repeatedly about whether he had filed documents on their behalf, and tried to get him assistance. In addition, counsel, whether intentionally or not, apparently lied to Plaintiffs when he advised them on more than once occasion that he had filed certain documents with the Court when, in fact, he had not done so. Furthermore, although the plaintiff's counsel in *Lepkowski* had no excuse for his neglect in his client's case, Plaintiffs' counsel was suffering from serious medical issues, which affected his mental capacity and, thus, his ability to provide competent assistance to Plaintiffs. Finally, unlike the situation in *Lepkowski*, this Court did not address the merits of Plaintiffs' claims but, rather, granted Defendant's motion to dismiss on the ground that, by not filing any opposition to Defendant's motion, Plaintiffs had consented.

Although this case is more than ten years old, under the circumstances, including the fact that Plaintiffs are blameless, the Court grants Plaintiffs' motion to vacate the judgment and to reopen the case to allow Plaintiffs to file papers in opposition to Defendant's motion to dismiss or, in the alternative, for summary judgment.

### III. CONCLUSION

After reviewing the entire file in this matter, the parties' arguments and their submissions, as well as the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for reconsideration and to reopen this case, *see* Dkt. No. 279, is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that the judgment in this case is **VACATED**; and the Court further

**ORDERS** that Plaintiffs' motion to reconsider the Court's denial of their motion for class certification is **DENIED**; and the Court further

**ORDERS** that this case is reopened and Plaintiffs shall file their papers in opposition to Defendant's motion to dismiss or, in the alternative, for summary judgment, *see* Dkt. No. 269, on or before **August 3, 2018**; and the Court further

**ORDERS** that Defendant shall file his papers in response to Plaintiffs' opposition and in further support of his motion to dismiss or, in the alternative, for summary judgment on or before **August 17, 2018**; and the Court further

**ORDERS** that this matter is referred to the Chief Judge of this Court for reassignment of this case to another district judge.

**IT IS SO ORDERED.**

Dated: July 6, 2018
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Judge