UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| CHRISTINE MILLS, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 04-2205 (RBW) |
| CARLA HAYDEN, in her official capacity as the Librarian of Congress, ) | |
| Defendant. ) | |

**ORDER**

The plaintiffs, Christine Mills,[1] Runako Balondemu, Geraldine Duncan, David Hubbard, Priscilla Ijeomah-Mills, Clifton Knight, Charles Mwalimu, Lawrence Perry, Sharon Taylor, and William Rowland, bring this civil action against the defendant, Carla Hayden, in her official capacity as the Librarian of Congress, asserting discrimination based on their race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. See Second Amended Class Action Complaint ("2d Am. Compl.") ¶ 27, ECF No. 28. On November 6, 2024, the Court granted the defendant's motion to dismiss after concluding that (1) the claims brought by two plaintiffs—Ms. Mills and Mr. Rowland—were moot, see Mills v. Hayden, No. 04-2205 (RBW), 2024 WL 4697733, at *6–8 (D.D.C. Nov. 6, 2024) (Walton, J.); and (2) that the remaining plaintiffs had failed to state claims under Title VII, see id. at *19. The plaintiffs have now moved for an order to alter or amend the Court's Order dismissing the case, as well as for leave

---

[1] Alan King, "the surviving spouse and successor of Christine Mills," has moved to substitute himself in place of Ms. Mills in light of her death. Plaintiffs' Motion for Substitution of Party at 1, ECF No. 312. As the Court concluded in a related case, see generally Order (Jan. 3, 2025), Mills v. Hayden, No. 17-1257 (RBW), ECF No. 41, although the plaintiffs failed to move for substitution within ninety days of the notice of suggestion of death, as required by Rule 24(a), the Court will construe the plaintiffs' response to the Court's August 1, 2024 Order as a motion for an extension of time to file the motion to substitute, which the Court now grants. And, accordingly, the Court also grants Mr. King's motion to substitute himself as a party. However, for the purposes of this Order, the Court refers to Ms. Mills throughout regarding her claims.

to amend their Complaint for the third time. See Plaintiffs' Motion to Alter or Amend Judgment and Motion for Leave to File Amended Complaint ("Pls.' Mot.") at 1, ECF No. 311. For the following reasons, the Court concludes that it must grant the component of the plaintiffs' motion pursuant to Rule 59(e) and deny the component of the plaintiffs' motion pursuant to Rule 15(a).

As grounds for relief, the plaintiffs contend that the Court concluded that other filings on the Court docket "contained additional facts that met the necessary pleading standards, but which the Court could not consider on a motion to dismiss[ pursuant to Rule 12(b)(6),]" Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Amend the Judgement and for Leave to Amend the Complaint ("Pls.' Mem.") at 2–3, ECF No. 311-1, and that the plaintiffs "have now pleaded those and additional facts in their proposed Third Amended Complaint[,]" id. at 3.[2] The defendant opposes the plaintiffs' motion, arguing, inter alia, that granting the plaintiffs' motion to amend their Complaint would (1) result in undue delay and prejudice to the defendant given the protracted nature of this case, see Def's Opp'n at 6; and (2) be futile because most of the plaintiffs no longer work at the Library of Congress and they have failed to exhaust their administrative remedies, see id. at 10.[3] In reply, the plaintiffs contend that the defendant's assertions of undue delay and prejudice are "factually inaccurate and legally insufficient" because (1) the delay in this case "was due to judicial reassignments and other procedural

---

[2] Although the plaintiffs argue that the Court has concluded that these facts satisfy the applicable pleading standard, to the contrary, the Court specifically did not conclude that the plaintiffs would have met their pleading standard under Rule 12(b)(6) had the Court been able to consider the record beyond the Second Amended Complaint. Although the Court concluded that most of the plaintiffs had Article III standing based on the Court's review of the entire record, it took no position on the adequacy of those additional facts in the Rule 12(b)(6) context, in fact stating that the information contained in the plaintiffs' supplementary response to the defendant's interrogatories "are included in the record precisely because the defendant found these responses deficient and sanctionable . . ." Mills, 2024 WL 4697733, at *16 n.13.

[3] The defendant also argues that the plaintiffs' motion under Rule 59(e) should be denied because the plaintiffs have not carried their burden under Rule 59(e), Def.'s Opp'n at 4, but the defendant does not appear to address the applicability of the District of Columbia Circuit precedent set forth in Brink v. Continental Insurance Co., 787 F.3d 1120, 1128–29 (D.C. Cir. 2015), discussed infra, which lowers this exacting standard in circumstances similar to this matter.

bottlenecks entirely beyond [the p]laintiff's control[,]" Plaintiffs' Reply Memorandum in Further Support of Motion to Amend the Judgment and for Leave to Amend the Complaint ("Pls.' Reply") at 3–4, ECF No. 317, and (2) the plaintiffs' claims are not moot or otherwise barred by failure to exhaust their administrative remedies, see id. at 4–5.

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "[twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). In general, a Rule 59(e) motion "is not a second opportunity to present [an] argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier[,]" W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997), and "need not be granted unless the [ ] [C]ourt finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice[,]" Anyanwutaku v. Moore, 151 F.3d 1053, 1057–58 (D.C. Cir. 1998) (internal quotation marks omitted). Although motions under Rule 59(e) "lie within the discretion of the Court[,]" AARP v. U.S. Equal Emp. Opportunity Comm'n, 292 F. Supp. 3d 238, 241 (D.D.C. 2017) (citing Ciralsky v. Cent. Intel. Agency, 355 F.3d 661, 671 (D.C. Cir. 2004)), such motions are "disfavored[,]" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment, Niedermeier v. Off. of Max S. Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing Anyanwutaku, 151 F.3d at 1057–58).

However, the District of Columbia Circuit has departed from the exacting standards of Rule 59(e) when a plaintiff whose complaint has been dismissed with prejudice files a Rule 59(e) motion to alter or amend a judgment along with a Rule 15(a) motion requesting leave to amend his or her complaint. Under those circumstances, the District of Columbia Circuit has "said that

denial of [a] Rule 59(e) motion in that situation is an abuse of discretion if the dismissal of the complaint with prejudice was erroneous; that is, the Rule 59(e) motion should be granted unless 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" Brink v. Continental Ins. Co., 787 F.3d 1120, 1128–29 (D.C. Cir. 2015) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). And, if the Court grants a plaintiff's motion to alter or amend a judgment under Rule 59(e), the District of Columbia Circuit noted that it is an abuse of discretion to deny the corresponding motion to amend under Rule 15(a) "unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . [,] repeated failure to cure deficiencies by [previous] amendments . . . [, or] futility of amendment." Firestone, 76 F.3d at 1208 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The District of Columbia Circuit "ha[s] consistently held that undue delay is a valid ground for denying leave to amend," Mowrer v. U.S. Dep't of Transp., 14 F.4th 723, 732 (D.C. Cir. 2021) (citations omitted), and this is "especially [true] where the plaintiff offers 'no good reason' for the delay," id. (quoting Trudel v. SunTrust Bank, 924 F.3d 1281, 1288 (D.C. Cir. 2019)).  Further, "'[l]eave to amend is often 'denied when the moving party knew about the facts on which the proposed amendment was based but omitted the necessary allegations from the original pleading[,]'" Scarlett v. Off. of Inspector Gen., No. 21-819 (RDM), 2022 WL 111236, at *3 (D.D.C. Jan. 10, 2022) (quoting 6 Wright & Miller, Federal Practice & Procedure § 1488 (3d ed.)); see Anderson v. USAir, Inc., 818 F.2d 49, 57 (D.C. Cir. 1987) (affirming the district court's denial of the plaintiff's motion for leave to amend the complaint where the amendments "were based on facts known prior to the completion of discovery").  "Consideration of whether delay is undue, however, should generally take into account the actions of other parties and the possibility of any resulting prejudice." Atchinson v. District of Columbia, 73 F.3d 418, 426

4

(D.C. Cir. 1996) (citations omitted); see N. Am. Catholic Educ. Programming Found., Inc. v. Womble, Carlyle, Sandridge & Rice, PLLC, 887 F. Supp. 2d 78, 83 (D.D.C. 2012) ("One of the 'most important factor[s]' to consider is 'the possibility of prejudice to the opposing party.'" (quoting Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006)).

Here, as an initial matter, the Court concluded that the claims brought by Christine Mills and William Rowland were moot because, at the time of the Court's ruling on the motion to dismiss, they no longer worked at the Library of Congress and therefore could not be awarded the only relief requested—i.e., declaratory and injunctive relief.  Mills, 2024 WL 4697733, at *7. The plaintiffs do not address the Court's mootness analysis in their motion, in their proposed Third Amended Complaint, or in their reply, but merely add several new claims for relief—presumably in response to the Court's conclusion that Ms. Mills and Mr. Rowland's declaratory and injunctive claims were moot.  However, a Rule 59(e) motion is "not a chance for [the plaintiffs] to correct poor strategic choices," Sec. & Exch. Comm'n v. Bilzerian, 729 F. Supp. 2d 9, 15 (D.D.C. 2010), i.e., failing to request relief beyond declaratory and injunctive relief. Therefore, the Court sees no reason to disturb its dismissal of these claims because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[,]" Brink, 787 F.3d 1120, 1128–29 (D.C. Cir. 2015) (quoting Firestone, 76 F.3d at 1208).

In regards to the remaining plaintiffs, the Court concludes that they have included additional factual allegations regarding their claims that cure the defects identified by the Court in its prior Order, and thus, the Court must exercise its discretion and grant in part their Rule 59(e) motion.  See Brink, 787 F.3d at 1128–29.  Specifically, the proposed Third Amended Complaint includes numerous additional factual allegations, which the plaintiffs contend

plausibly establish that they were subjected to (1) discrimination based on their race, including being denied training and promotion opportunities; (2) retaliation; and (3) a hostile work environment. See generally Pls.' Mot., Ex. 2 (Plaintiffs' Third Amended Complaint), ECF No. 311-2. Therefore, the Court will amend its prior Order and dismiss the remaining plaintiffs' claims without prejudice.

Having concluded that it must grant in part the plaintiffs' motion under Rule 59(e), the Court will exercise its discretion and grant their corresponding motion to amend their Complaint under Rule 15(a) "unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment." Firestone, 76 F.3d at 1208 (quoting Foman, 371 U.S. at 182). Upon review of the entire record in this case, the Court concludes that it must deny the plaintiffs' motion to amend their Complaint for a third time because the filing of their motion was unduly delayed and its consideration would be prejudicial to the defendant.

In brief, the plaintiffs filed their Second Amended Complaint on April 2, 2007, see generally 2d Am. Compl., and the defendant filed her motion to dismiss the plaintiffs' Second Amended Complaint on May 20, 2014, putting the plaintiffs on notice at that time that the defendant sought to dismiss their Complaint for failure to state a claim, see Defendant's Opposition to Plaintiffs' Motion for Class Certification and Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment, ECF No. 269. On March 30, 2016, the prior judge presiding over this case denied class certification and granted the defendant's motion to dismiss because the plaintiffs' lawyer at that time failed to file an opposition. See Order at 1 (Mar. 30, 2016), ECF No. 277. Subsequently, on July 6, 2018, the prior judge granted in part the plaintiffs' motion for reconsideration of its Order dismissing the case and reopened the matter,

but denied the plaintiffs' request to reconsider their motion to certify a class. See Memorandum-Decision and Order at 9–10 (July 6, 2018), ECF No. 292. On that same date, this matter was assigned to this Court. See Reassignment of Civil Case at 1 (July 6, 2018), ECF No. 293. However, at no point since July 6, 2018, when the prior judge in this case denied the plaintiffs' request to reconsider their motion to certify a class, did the plaintiffs move to amend their Complaint to address the deficiencies raised by the defendant in her May 20, 2014 motion to dismiss. And, in now moving to amend their Complaint for the third time, they offer no justification for their failure to do so.[4]

In reply, the plaintiffs argue that the "decade-long delay in resolving the motion to dismiss was due to judicial reassignments and other procedural bottlenecks entirely beyond [the p]laintiffs' control[,]" Pls.' Reply at 4, and that they have "acted diligently in reopening the case after prior dismissals[,]" id. However, while the Court has acknowledged the unfortunate delay in resolving the defendant's motion to dismiss, such delay in the resolution of a pending motion to dismiss the operative Complaint had no impact on the plaintiffs' ability to act earlier and therefore does not absolve the plaintiffs from the consequence of their delay in seeking to amend their Complaint again. If anything, the continued pendency of the motion allowed the plaintiffs further time to file for leave to amend their Complaint in order to cure the identified deficiencies. Therefore, the Court concludes that the plaintiffs have "offer[ed] 'no good reason' for the delay," Mowrer, 14 F.4th at 732 (quoting Trudel, 924 F.3d at 1288).

Further, although the plaintiffs contend that the defendant's claim of prejudice is "speculative and unsupported[]" because it has "long been on notice of the allegations and evidence underlying [the p]laintiffs' claims," Pls.' Reply at 4, the Court concludes that, given the

---

[4] Although the plaintiffs did proceed pro se for a period of time before this case was assigned to this Court, they have been represented by counsel since October 6, 2016. See Appearance of Counsel at 1 (Oct. 6, 2016), ECF No. 287.

7

long procedural history of this case—which includes engaging in years of discovery, two prior amended Complaints, and the Court's resolution of the case—allowing the plaintiffs to amend their Complaint for a third time after the Court's dismissal order would unduly prejudice the defendant.  Compare Dove v. Wash. Metro. Area Transit Auth., 221 F.R.D. 246, 249 (D.D.C. 2004) (concluding that there was no undue prejudice where the litigation was "in its early stages given that the parties have yet to appear for an initial scheduling conference or commence discovery[]"), with Elkins v. District of Columbia, 690 F.3d 554, 565 (D.C. Cir. 2012) (affirming the district court's denial of the motion to amend where the motion came "nearly five years after the initial complaint and after discovery had closed").  Accordingly, in light of the plaintiffs' failure to justify moving to amend their Complaint until only after the Court's Order dismissing their case and the resulting prejudice identified by the defendant,[5] the Court concludes that it must deny their motion to amend their Complaint for the third time, despite the unfortunate and dire consequences of the denial.  Wherefore, it is hereby

**ORDERED** that the Plaintiffs' Motion to Alter or Amend Judgment and Motion for Leave to File Amended Complaint, ECF No. 311, is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the motion is **GRANTED** to the extent it seeks to have the Court alter its prior Order dismissing with prejudice the claims brought by Runako Balondemu, Geraldine Duncan, David Hubbard, Priscilla Ijeomah-Mills, Clifton Knight, and Charles Mwalimu.  The motion is **DENIED** in all other respects.  It is further

---

[5] Specifically, the defendant argues that permitting the plaintiffs to further amend their Complaint at this stage would unduly prejudice the defendant because: (1) "it would require doubling back and restarting the litigation process at an earlier stage[,]" Def.'s Opp'n at 8; (2) "individuals who were involved in claims ranging back to 2003 may no longer work for the Library, may be deceased, or may have had their memories significantly fade[,]" id. at 9; and (3) the plaintiffs' proposed amendments include "information that would have been responsive to [the d]efendant's discovery requests, but that [the p]laintiffs previously failed to provide during discovery[,]" id. at 9–10; see also id. at 9 (noting that the defendant "file[d] four motions to compel and/or sanctions due to the [defendant] trying to obtain discovery to which it was entitled from [the p]laintiffs to no avail").

8

**ORDERED** that the Court's Order issued on November 6, 2024, ECF No. 308, is **AMENDED** to indicate that the claims brought by Runako Balondemu, Geraldine Duncan, David Hubbard, Priscilla Ijeomah-Mills, Clifton Knight, and Charles Mwalimu were **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that Plaintiffs' Motion for Substitution of Party, ECF No. 312, is **GRANTED**.

**SO ORDERED** on this 27th day of February, 2025.

REGGIE B. WALTON
United States District Judge